**Thomas G. MANOS, Petitioner,**

v.

**UNITED STATES BOARD OF PAROLE, WASHINGTON, D. C.,**
**Respondent.**

**No. 75–461 Civil.**

United States District Court,
M. D. Pennsylvania.

June 19, 1975.

---

5. A.F., pp. 20, 29, 31, 51. Transcript of Hearing, pp. 58–59.

Thomas G. Manos, pro se.

S. John Cottone, U. S. Atty., Sal Cognetti, Asst. U. S. Atty., Scranton, Pa., for respondent.

SHERIDAN, Chief Judge.

Thomas G. Manos, a federal prisoner presently incarcerated at Allenwood Federal Prison, Montgomery, Pennsylvania, filed a petition for a writ of habeas corpus in which he contends that the Board's decision denying him his immediate release on parole is unlawful. Specifically, petitioner contends that the Parole Board has incorrectly classified his offense severity as high instead of moderate and that the Board inaccurately computed his salient factor score to be 8 instead of 10.

Petitioner pled guilty to two counts of a twenty-two count indictment: to one count of conspiracy to defraud the United States government and to one count of filing a fraudulent income tax report for a client. He was sentenced to a term of three years and began serving his sentence on January 18, 1974.

Petitioner has been granted parole effective July 30, 1975 (see Document No. 6). As of that date he will have served approximately 18½ months. Presently he has served approximately 17 months.

Petitioner's offense is rated in the high category by the Parole Board, 39 Fed.Reg. § 2.20 (1974), and his salient factor score was computed initially to be 8, and now is computed by the Board to be 9, which is a "very good" rating. Guideline Evaluation Worksheet, 39 Fed. Reg. § 2.20 (1974). The paroling guidelines indicate that an inmate in the high offense category with a "very good" salient factor score and who has exhibited good institutional adjustment and program progress, see 39 Fed.Reg. § 2.20 (b) (1974), should customarily serve 16–20 months before release. Petitioner has been granted parole as of July 30, 1975, a point within the 16 to 20 month range. Petitioner contends, however, that his offense should be rated in the moderate category, in which case the guidelines indicate he should ordinarily serve 12–16

months. He has already served 17 months and is to be released after serving 18½ months. Since it makes no difference whether his salient factor score is 9 or 10, since both figures constitute a "very good" rating, see 39 Fed. Reg. § 2.20 (1974), the sole question before the court is whether there is a rational basis for the Board's decision to classify his offense as high.

The Board rated the severity of the offense as high on the basis of the twenty-two count indictment charging petitioner with preparing false tax reports which deprived the government of approximately $150,000.00, and on the basis he had previously been convicted of preparing false tax reports. Petitioner contends that he pled guilty to only two of the counts in the indictment, that the amount involved in these counts equals less than $20,000.00, and therefore his offense must be rated in the moderate category. See Adult Guidelines for Decisionmaking, 39 Fed.Reg. § 2.20 (1974).

██ The Board's regulations specify that "aggravating circumstances," such as might be involved in a prisoner's alleged offense, can be considered in parole decisionmaking. Consideration of an alleged offense violates no constitutional right of the prisoner. *Lupo v. Norton,* D.Conn.1974, 371 F.Supp. 156, 161. 28 Fed.Reg. § 2.20(d) (1974) provides that ". . . especially mitigating or aggravating circumstances in a particular case may justify a decision or a severity rating different from that listed." Thus, the regulations specify two distinct ways that an alleged offense can be considered: (1) the Board can locate a prisoner on the guideline table by using his alleged offense; (2) the Board can apply the guideline table according to the prisoner's convicted offense and then, even though he has been incarcerated for the time indicated by the guideline, deny parole because of the aggravating circumstances of the alleged offense. *Lupo v. Norton,* D.Conn.1974, 371 F.Supp. 156, 161–162.

██ Thus the court holds that the Board's classification of the severity of the offense in this case is proper. The classification is consistent with the Board's regulations. The regulations are constitutional and consistent with the broad statutory criteria for parole decisionmaking. Absent an abuse of discretion amounting to a denial of a constitutional right, and absent a decision that is clearly inconsistent with the broad statutory parole criteria, a court will not review the Board's discretion in parole decisionmaking. *Wiley v. United States Board of Parole,* M.D.Pa.1974, 380 F.Supp. 1194, 1197–1198. The court will not substitute its judgment for that of the Board as to whether the rehabilitation of the inmate and the welfare of society generally would be best served by permitting him to serve his sentence beyond the confines of prison rather than by being continued in physical confinement. *Wiley v. United States Board of Parole,* supra; *deVyver v. Warden, U. S. Penitentiary,* M.D.Pa.1974, 388 F.Supp. 1212, 1220, 1224.

██ This court agrees with the holding in *Lupo v. Norton,* 371 F.Supp. at 162, that the Board must tell the inmate when it utilizes his alleged offense in its parole decisionmaking and explain how the alleged offense was used. The Board must inform the prisoner either that it selected an offense severity category because of his alleged offense, or that it considered his alleged offense to be an aggravating circumstance that justified incarceration beyond the guideline period indicated for his convicted offense. To fail to do so violates the Board's regulation, 39 Fed.Reg. § 2.13(b), (c) (1974), which require it to give reasons for denial of parole. Explicit reference to his alleged offense as a reason for parole denial by the Board will afford the inmate an opportunity to challenge the allegations in his administrative appeals.

This memorandum is in support of this court's order of June 6, 1975, which denied the petition for a writ of habeas corpus and dismissed the action.