**Carl H. BISTRAM, Petitioner-Appellant,**

v.

**U. S. PAROLE BOARD,**
**Respondent-Appellee.**

No. 76–1424
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 19, 1976.

---

* Rule 18, 5 Cir.; *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Carl H. Bistram, pro se.

John W. Stokes, U. S. Atty., J. Robert Cooper, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Appellant, represented by counsel, was convicted on his plea of guilty of attempted bank robbery with a dangerous weapon, 18 U.S.C.A. § 2113(d). He was sentenced to 25 years on October 30, 1967. Appellant states that under his plea bargain, the court dismissed a kidnapping count, based on his taking of a hostage. Appellant complains because the Parole Board has classified his offense as of "greatest" severity. He contends this is error because he was convicted only of attempted armed robbery, rated "very high" severity, and the kidnapping charge was dismissed.

As the district court's order well demonstrates, 28 C.F.R. § 2.20 (1975) authorizes the Board to modify an offense rating if there were mitigating or aggravating circumstances. Obviously there were aggravating circumstances in appellant's case. It seems clear that the Parole Board has followed its own guidelines and has not acted arbitrarily in appellant's case.

In his *pro se* brief, appellant contends that he could not legally have received more than 20 years on the attempted bank robbery using a dangerous weapon. The judgment shows that a violation of 18 U.S.C.A. § 2113(d) was charged, for which the maximum punishment is 25 years.

The other assertions in appellant's brief did not result in the Board's decision to postpone consideration of appellant for parole. Appellant's "history of violent conduct" would remain whether or not the murder conviction was set aside on "speedy trial" grounds.

AFFIRMED.