**Edwards McARTHUR, a/k/a McArthur Edwards, Petitioner,**

v.

**UNITED STATES BOARD OF PAROLE et al., Respondents.**

**No. TH 76–49–C.**

United States District Court,
S. D. Indiana,
Terre Haute Division.

Nov. 15, 1976.

Stephen L. Trueblood, Terre Haute, Ind., for Mr. Edwards.

James B. Young, U. S. Dist. Atty., Indianapolis, Ind., for respondents.

ENTRY

HOLDER, District Judge.

This matter came before the Court on the petition of Edwards McArthur, a/k/a McArthur Edwards, for writ of habeas corpus and Respondents' Motion to Dismiss or in the Alternative for Summary Judgment. The Court having read and examined said petition and the brief in support thereof and Respondents' Motion and brief, now finds that said Motion to Dismiss should be granted.

Petitioner was indicted by a grand jury on September 2, 1972. Count I charged Petitioner with Bank Robbery by Use of Dangerous Weapons, in violation of 18 United States Code, Section 2113(a) and (d) (1970); Count II charged Petitioner and four co-defendants with Conspiracy to Commit Armed Robbery by Use of Dangerous Weapons, in violation of 18 United States Code, Section 371 (1970). Petitioner was convicted by a jury on both counts of the indictment on December 1, 1972. He was thereupon sentenced to serve a period of imprisonment for 25 years on Count I, such sentence to run consecutively to any other sentence defendant was then serving or might thereafter serve. He was sentenced on Count II to a period of five years imprisonment, said sentence to run concurrently with the sentence from Count I. Both sentences were made subject to the provisions of 18 United States Code, Section 4208(a)(2) (1970), permitting immediate eligibility for consideration for parole. Petitioner's conviction was reversed on grounds not relevant to the present litigation on January 28, 1974, by the Fifth Circuit Court of Appeals. *United States v. Edwards*, 488 F.2d 1154 (5th Cir. 1974). The Petitioner was retried and again convicted on April 24, 1974, and sentenced that day to the same sentence imposed as under the previous conviction.

Petitioner had an initial hearing at the United States Penitentiary, Terre Haute, Indiana on April 20, 1973. By order of May 23, 1973, he was continued for an institutional review hearing in April, 1976. He received a review hearing on August 27, 1974 due to the fact that he was re-sentenced after the original sentence was vacated. By order dated September 24, 1974, the Petitioner was continued for institutional review hearing in December, 1975.

On December 6, 1975, Petitioner came before the parole board at the Terre Haute Penitentiary for a review hearing. At that time, he was informed by the hearing examiner that his offense severity rating would be increased, because the offense involved kidnapping. The panel recommended a release date of March 2, 1976, due to "subject's adjustment and the fact that he has accepted his guilt . . ." This recommendation was referred to the National Board of Parole for reconsideration by Lawrence A. Carpenter, Regional Director, North Central Region, United States Board of Parole, pursuant to applicable regulations. *28 C.F.E. § 2.24 (1975)*. The National Appellate Board reversed, and continued Petitioner's case until December, 1977, giving the following reasons:

Your offense behavior has been rated as greatest severity because the offense in-

cluded kidnapping. You have a salient factor score of six. You have been in custody a total of 41 months. Guidelines established by the Board for adult cases which consider the above factors, indicate a range of more than 45 months to be served before release for cases with good institutional program performance and adjustment. Board guidelines for greatest severity cases do not specify a maximum limit. Therefore, the decision in your case has been based in part upon a comparison of the relative severity of your offense behavior with offense behavior examples listed in the very high severity category.

It is this ruling that Petitioner seeks judicial review of in this action.

In his brief filed shortly after his petition, the Petitioner through his counsel lists three (3) issues for review.

"A) Whether the decision of the parole board was arbitrary and capricious in finding Petitioner's offense 'included kidnapping' contrary to the government's own 'official version'.

"B) Whether the decision of the National Appellate Board raising for the first time such allegations that his alleged offense 'involved kidnapping' and 'auto theft' without permitting Petitioner reasonable opportunity to contradict and to rebut these allegations has the effect of depriving Petitioner of due process of law.

"C) Whether the decision of the National Appellate Board, upon the facts of this case, render the use of the (a)(2) sentence by the trial court meaningless as such is applied to Petitioner."

## A

Petitioner does not claim that the reasons given him for denial of parole were in themselves inadequate. *Cf. King v. United States*, 492 F.2d 1337 (7th Cir. 1974). Instead, he claims that the parole board erred in classifying his offense as "highest severity" because "the offense included kidnapping". In support of this claim, Petitioner alleges that he personally was never charged with nor convicted of the offense of kidnapping, and that he personally did not participate in a kidnapping. He does not deny that a kidnapping did in fact take place in the course of the bank robbery in which he participated and, indeed, was the leader.

The question is whether the parole board was justified in considering the circumstances surrounding the bank robbery to support its conclusion that the offense did indeed "involve kidnapping". In this regard, the board is vested with a great amount of discretion.

The inquiry is not whether the Board is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Board's conclusions embodied in its statement of reasons.

*Zannino v. Arnold*, 3 Cir., 531 F.2d 687, 691.

The facts are indisputable. Of the five participants indicted in the robbery and conspiracy theme, three "waylaid [a cab driver] and stole his cab shortly before the robbery . . . ." *Edwards, supra*, 488 F.2d at 1156. The cab driver was locked in the trunk of the vehicle and was left there when the vehicle was abandoned.

The board's decision clearly has a rational basis. Petitioner concedes that the board may take into consideration alleged offenses in determining the severity of the offense. It could not be argued otherwise. *Lupo v. Norton*, 371 F.Supp. 156 (D.Conn. 1974); *Manos v. United States Board of Parole*, 399 F.Supp. 1103, 1105 (M.D.Pa. 1975); *Zannino v. Arnold, supra*. Thus, the only question is whether the board acted "rationally" in holding Petitioner responsible for the kidnapping, whether or not he was charged with that offense. The simple fact is that the Petitioner must bear responsibility, both under the criminal law and before the board of parole, for actions of his confederates in furtherance of their conspiracy. This is not simply an issue of vicarious liability. The scheme disclosed by the record is a particularly heinous one,

involving a total disregard for human life. Petitioner and his confederates were certainly prepared to do whatever was necessary to effectuate their purpose. In this case, it became "necessary" for certain members of the conspiracy to abduct a cab and its driver, and to later abandon the cab, leaving the driver helpless and in peril of his life. Petitioner cannot escape responsibility by hiding his head in the sand and blaming others. He was a full participating member of the conspiracy and shared in its gains. The Board of Parole could justly conclude that one who participated in such a scheme is of particular concern to society. The function of the board is not limited to search for indictments and convictions, but it must determine whether a prisoner is a fit subject for release. It is vested with broad discretion in order that it may examine all aspects of an individual's character.

## B

■ Petitioner argues that the alleged offense of kidnapping was raised for the first time at the National Appellate Board level and that he was not given an opportunity to contradict the assertions at his first hearing. The record discloses otherwise. By the sworn affidavit of Charles G. Wright, one of the two Parole Board hearing examiners who conducted the Petitioner's primary hearing at the prison, Petitioner was asked about the kidnapping aspect of the offense and that Petitioner admitted the offense involved kidnapping.

It is interesting to note that, although the Petitioner vehemently denies that his offense "included kidnapping", that denial is undermined not only by his statement at the original parole board hearing, but by findings both by the trial court and by the Fifth Circuit Court of Appeals regarding his credibility.

■ Petitioner complains of the use of his pre-sentence report by the Parole Board, claiming it is hearsay. Although the board clearly relied on more than the pre-sentence report alone, this contention is inherently frivolous. Rules of evidence proscribing the introduction of hearsay apply to criminal trial proceedings only, not sentencing proceedings, and not parole board proceedings. *Federal Rules of Evidence,* 1101. A parole board hearing is not an adversary proceeding. Its purpose is not to determine whether a prisoner has committed a crime, but, in light of the facts and circumstances of the case, to determine whether a prisoner should be released from custody. In fact, virtually all evidence considered in parole proceedings must of necessity be hearsay. Otherwise, parole board hearings would become retrials of the criminal offense itself.

## C

■ Petitioner was sentenced under the provisions of 18 United States Code, Section 4208(a)(2) (1970), which permits a prisoner to be eligible for consideration of parole at any time during his sentence. Petitioner extrapolates the bare language of the statute to the incredible proposition that the (a)(2) provision places a mandatory, reviewable duty on the parole board. An (a)(2) sentence permits early *consideration* for parole and nothing more. It does not alter administrative guidelines for release. *28 C.F.R. § 2.13(b) 1975.*

Petitioner assumes that an (a)(2) sentence requires release at the earliest opportunity for all prisoners exhibiting good institutional adjustment. This may be appropriate for some prisoners, but in Petitioner's case, the record at sentencing shows that the intention of the sentencing judge was to keep Petitioner incarcerated for as long as possible.

■ The determination that Petitioner could not live at liberty without violating the law is well supported by the evidence. It might be added that release of Petitioner after serving only 41 months of a twenty-five (25) year sentence would deprecate the seriousness of his crime.

IT IS THEREFORE ORDERED that said cause is dismissed with prejudice.