**Jose NARVAIZ, Petitioner,**

v.

**Warden I. DAY, United States Parole Commission, Respondents.**

**No. CIV–77–0569–D.**

United States District Court,
W. D. Oklahoma.

Sept. 30, 1977.

Jose Narvaiz, pro se.

John E. Green, Acting U. S. Atty. by William S. Price, Asst. U. S. Atty., Oklahoma City, Okl., for respondents.

## ORDER

DAUGHERTY, Chief Judge.

This is a proceeding for writ of habeas corpus by a federal prisoner incarcerated in the Federal Correctional Institution at El Reno, Oklahoma, in this judicial district in which the petitioner challenges a decision of the United States Parole Commission fixing his offense severity rating as "greatest severity" and the application of parole guidelines to a youth offender. The petitioner has exhausted his administrative remedies.

It appears that the petitioner was charged in a three count Indictment in the United States District Court for the Western District of Texas. He plead guilty to the count charging him with interstate transportation of a stolen motor vehicle and was sentenced on April 30, 1976 to an indeterminate sentence under the provisions of 18 U.S.C. § 5010(b). Upon his plea of guilty the remaining counts of the Indictment charging kidnapping and extortion were dismissed on motion of the government. His initial hearing before the Parole Commission was held in July, 1976, and he was continued with statutory review hearing scheduled for January, 1978. In its Notice of Action dated July 30, 1976 the petitioner was advised:

"Your offense behavior has been rated as greatest severity because behavior involved kidnapping. You have a salient factor score of 8. You have been in custody a total of three months. Guidelines established by the Commission for youth cases which consider the above factors indicate a range of 32 plus months to be served before release for cases with good institutional program performance and adjustment. After review of all the relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted. Commission policy prohibits a continuance in your case of more than 18 months without review. Your next review has been scheduled in accordance with this policy."

The first issue is whether it was proper for the Parole Commission to consider the counts which had been dismissed in giving the petitioner his offense severity rating. The regulations of the Commission permit it to take into consideration aggravating circumstances in setting the degree of offense severity. An adjustment based on the individual circumstances of the prisoner's case clearly falls within the discretion of the Parole Commission. *Brown v. Lundgren,* 528 F.2d 1050 (CA5 1976). On very similar facts the court upheld the action of the Parole Board in *Bistram v. U. S. Parole Board,* 535 F.2d 329, 330 (CA5 1976):

"Appellant, represented by counsel, was convicted on his plea of guilty of attempted bank robbery with a dangerous weapon, 18 U.S.C.A. § 2113(d). He was sentenced to 25 years on October 30, 1967. Appellant states that under his plea bargain, the court dismissed a kidnapping count, based on his taking of a hostage. Appellant complains because the Parole Board has classified his offense as of 'greatest' severity. He contends this is error because he was convicted only of attempted armed robbery, rated 'very high' severity, and the kidnapping charge was dismissed.

As the district court's order well demonstrates, 28 C.F.R. § 2.20 (1975) authorizes the Board to modify an offense rating if there were mitigating or aggravating circumstances. Obviously there were aggravating circumstances in appellant's case. It seems clear that the Parole Board has followed its own guidelines and has not acted arbitrarily in appellant's case."

In *Manos v. U. S. Board of Parole, Washington, D.C.,* 399 F.Supp. 1103, 1105 (M.D. Pa.1975) the court also held that the Board could properly consider dismissed counts of an Indictment in classifying the severity of the prisoner's offense stating:

38

"Consideration of an alleged offense violates no constitutional right of the prisoner."

Again in treating a similar question in a case in which a prisoner had plead guilty to one of five counts of an Indictment and the remaining four had been dismissed on the government's motion, the court stated:

"Concerning the second point, i. e. whether the Parole Board can consider the circumstances of the prisoner's offense behavior as described in his presentence report, this court has uniformly held that a sentencing judge has wide latitude in taking into consideration all matters bearing upon the personal history and behavior of the convicted accused, and this is by no means confined to the defendant's conduct in connection with the offense for which he was convicted. It has held that in connection with a narcotics conviction, an unadjudicated charge of perjury could be considered. *United States v. Hendrix,* 505 F.2d 1233 (2 Cir. 1974). Offenses charged in dismissed counts of an indictment (as in the present case) may likewise be weighed in fixing sentence. *United States v. Needles,* 472 F.2d 652 (2 Cir. 1973). Similarly, the sentencing judge may properly take into account evidence of crimes of which the accused was acquitted. *United States v. Sweig,* 454 F.2d 181 (2 Cir. 1972). In *United States v. Doyle,* 348 F.2d 715 (2 Cir. 1965), cert. denied, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965), the sentencing judge obviously had taken into consideration the overall circumstances of the offenses charged in a multicount indictment although the accused had pleaded guilty to only one of those counts.

If, therefore, the sentencing judge is not limited to a consideration of only that criminal conduct of the defendant which related to the offense for which he was convicted, the Parole Board, which is concerned with all facets of a prisoner's character, make-up and behavior, is, a fortiori, certainly entitled to be fully advised of the contents of the presentence report and to use it in giving an offense severity rating and for such other purposes that it finds necessary and proper. *Menechino v. Oswald,* 430 F.2d 403, 407–8 (2 Cir. 1970), cert. denied, 400 U.S. 1023, 91 S.Ct. 588, 27 L.Ed.2d 635 (1971); *Scarpa v. United States Board of Parole,* 477 F.2d 278, 281 (5 Cir. 1973)." *Billiteri v. United States Board of Parole,* 541 F.2d 938, 944 (CA2 1976).

Finally petitioner's contentions concerning the sufficiency of the reasons and the application of parole guidelines to youth offenders have already been rejected by this court and the Court of Appeals for the Tenth Circuit. *Fronczak v. Warden, El Reno Reformatory, El Reno, Oklahoma,* 431 F.Supp. 981 (W.D.Okl.1976), affmd., 553 F.2d 1219 (CA10 1977); *Barr v. United States,* 415 F.Supp. 990 (W.D.Okl.1976).

As evidenced by the foregoing analysis there are no material issues of fact which require an evidentiary hearing in this court. Accordingly the Petition for Writ of Habeas Corpus will be denied.

IT IS SO ORDERED.