**Lewis N. DIXON, Petitioner,**

v.

**John T. HADDEN, and United States Parole Commission, Respondents.**

**Civ. A. No. 81–M–1903.**

United States District Court, D. Colorado.

Nov. 4, 1982.

Vicki Mandell-King, Asst. Federal Public Defender, Denver, Colo., for petitioner.

Robert N. Miller, U.S. Atty., Denver, Colo., for respondents.

## MEMORANDUM OPINION AND ORDER

MATSCH, District Judge.

This action was initiated by a petition for a writ of habeas corpus by a federal prisoner, claiming that the United States Parole Commission's decision of October 8, 1980, to go above the guidelines in determining a presumptive parole date is a deprivation of his liberty without due process of law, contrary to the protection provided by the Fifth Amendment to the United States Constitution.

On March 19, 1982, I entered an order directing the Parole Commission to provide the petitioner and his attorney with a copy of a letter from the Drug Enforcement Administration, dated February 19, 1980, which this court had examined in-camera, and to give the petitioner a new hearing with an opportunity to address the allegations contained in that letter. That order resulted from a concern that the decision may have been influenced by the contents of the letter, including allegations of serious criminal conduct which had neither been adjudicated nor admitted by the petitioner.

The ordered hearing was held on March 25, 1982. At that hearing, Lewis Dixon denied all of the allegations contained in the letter. He also denied the quantities of heroin mentioned in the pre-sentence reports in his file. On April 12, 1982, a Notice of Action was sent to the petitioner, advising that his case had been referred under the original jurisdiction of the National Parole Commission. On May 20, 1982, a Notice of Action was sent to the petitioner, stating that he was again being continued to expiration of his sentence for essentially the same reasons given in the earlier decision. The petitioner appealed and on September 24, 1982, the Parole Commission affirmed the decision, but modified the statement of reasons, as follows:

Your offense behavior has been rated as Greatest I severity because you had a proprietary and managerial interest in the distribution of more than 50 grams of 100% pure heroin. You have a salient factor score of 9. You have been in custody a total of 78 months. Guidelines established by the Commission for adult cases which consider the above factors indicate a range of 40–52 months to be served before release for cases with good institutional program performance and adjustment. After review of all relevant factors and information presented, a decision above the guidelines appears warranted because of the aggravated nature of your offense behavior: Your were the leader in an unusually extensive criminal enterprise—a heroin importation and distribution operation which involved monthly multi-pound shipments which involved approximately 19 codefendants and, according to your own admission, was ongoing for approximately 3 years. You are also a more serious parole risk than indicated by your salient factor score because a loaded .357 Magnum revolver was found in your possession at the time of your arrest.

In reviewing your letter of July 1, 1980 regarding disclosure, it is noted that you acknowledged receipt of information submitted by U.S. Attorney, John Gibbons and Special Agent, Daniel Addario.

As required by law, you have also been scheduled for a Statutory Interim Hearing during March, 1984.

The reference to the letter from Special Agent Daniel Addario is to the same letter that generated my order of March 19, 1982.

The Parole Commission's approach to parole release decision making, pursuant to the statute and promulgated regulations, has been held to create an expectancy of release which is entitled to some measure of constitutional protection. In *Solomon v. Elsea,* 676 F.2d 282 (7th Cir.1982), the court looked to the mandatory language in 18 U.S.C. § 4206 to find the entitlement. In *Evans v. Dillahunty,* 662 F.2d 522 (8th Cir. 1981), the court held that the statute creat-

ed a substantial expectancy of parole and found that an inmate had stated a claim for damages against a Regional Commissioner and a former United States Attorney upon allegations of unconstitutional conduct in causing a decision to be made outside the guidelines in an abuse of discretion. While there are cases to the contrary, the reasoning of the Seventh and Eighth Circuits is persuasive. Accordingly, I conclude that in arriving at a decision to go above the guidelines applicable to the offenses for which Lewis Dixon was sentenced, the Parole Commission is limited by the due process protections of the Fifth Amendment.

What constitutes due process of law in the making of such a decision is a matter of some uncertainty. The appellate courts have permitted the Commission to consider the contents of the presentence reports, *Arias v. United States Parole Commission,* 648 F.2d 196 (3rd Cir.1981); *United States ex rel. Goldberg v. Warden, Allenwood Federal Prison Camp,* 622 F.2d 60 (3rd Cir. 1980), *cert. denied,* 449 U.S. 871, 101 S.Ct. 210, 66 L.Ed.2d 91 (1980); *Dye v. United States Parole Commission,* 558 F.2d 1376 (10th Cir.1977); *Butson v. United States Parole Commission,* 457 F.Supp. 841 (D.Colo.1978); *McArthur v. United States Board of Parole,* 434 F.Supp. 163 (S.D.Ind. 1976), *aff'd mem.,* 559 F.2d 1226 (7th Cir. 1977), and there are decisions which tolerate the use of information concerning charges which were dismissed on a plea bargain. *Arias, supra; United States ex rel. Goldberg, supra; Loch v. Keohane,* No. 79–1206 (10th Cir. Nov. 27, 1979); *Bistram v. United States Parole Board,* 535 F.2d 329 (5th Cir. 1976); *Narvaiz v. Day,* 444 F.Supp. 36 (W.D.Okla.1977). *Cf. Allen v. Hadden,* 536 F.Supp. 586, 595 (D.Colo.1982) ("... so long as there are not any dominant countervailing considerations.").

This is not a case which calls for any subtle distinctions among different degrees of due process. The question here is one of fundamental fairness.

▮ The letter from Special Agent Addario asserts that unnamed agents from his office received information from "three separate reliable informants" that the petitioner attempted to recruit persons to murder the DEA agents involved in the investigations and that two attempts were made on the life of an informant. Additionally, the letter contends that the petitioner is the primary suspect in a particular homicide investigation and that several subsequent prosecutions by both state and federal authorities were waived because of the length of the sentence imposed on Mr. Dixon.

It may be conceded that the Parole Commission can consider reliable information outside the presentence report. That is no comfort in this case because there is nothing at all to indicate the reliability of the sources for the very serious accusations made in the subject letter.

In all of the following cases, the decisions of sentencing judges were held to have been tainted by prejudicial assertions of unsubstantiated criminal conduct. *Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948) (prosecution's submission to sentencing judge of misinformation concerning prior criminal convictions); *Grant v. White,* 579 F.2d 48 (8th Cir.1978) (sentencing judge's consideration of invalid juvenile adjudication); *Rinehart v. Brewer,* 561 F.2d 126 (8th Cir.1977) (sentencing judge's ex parte consultation with physician who disclosed information beyond that contained in physician's official report to court); *United States v. Huff,* 512 F.2d 66 (5th Cir.1975) (prosecution's ex parte submission to judge of "Government's Sentencing Recommendation" which contained information beyond that in trial record); *Haller v. Robbins,* 409 F.2d 857 (1st Cir.1969) (prosecutor's ex parte disclosure to sentencing judge of hearsay report regarding defendant's conduct during commission of crime).

The Notice of Action on Appeal, dated September 24, 1982, does not make an express reference to any of the contents of the DEA letter, but from the recital that a copy was given to the petitioner, it is a fair inference that the letter was a factor in the decision made by the Parole Commission. Accordingly, that decision is tainted by fun-

damental unfairness which has deprived the petitioner of the very essence of due process of law.

What is the proper remedy for that denial? To issue the writ and release the petitioner would arrogate to myself the authority of the Parole Commission. Accordingly, the only remedy which this court can give is to order the Commission to redetermine the release date without giving any consideration to the offensive contents of the subject letter. *Billiteri v. United States Board of Parole,* 541 F.2d 938, 944 (2nd Cir.1976).

 This court has no power to direct the Parole Commission to exercise its discretion to set any particular parole release dates. I can, however, and I must, require the Commission to make a new decision which will be purged of any taint from the offending letter. That can be accomplished by conditioning the grant of a writ of habeas corpus upon a new determination on appeal to the Parole Commission which decision shall expressly state that it has been arrived at without regard for the contents of the letter from Special Agent Addario. Accordingly, it is

ORDERED, that within 60 days the Parole Commission shall again review the decision continuing the petitioner to expiration of his sentence without regard for, or giving credence to, any of the allegations in the letter from Special Agent Addario, dated February 19, 1980, failing in which the court shall enter an order granting the writ of habeas corpus and releasing the petitioner forthwith.