Louis CERULLO, Petitioner,

v.

Robert GUNNELL, et al., Respondent.

Civ. No. B 83–358 (WWE).

United States District Court,
D. Connecticut.

Dec. 27, 1983.

M. Yvonne Gonzalez, Branford, Conn., for petitioner.

Alan H. Nevas, U.S. Atty., and Kurt F. Zimmerman, Asst. U.S. Atty., New Haven, Conn., for respondent.

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS

EGINTON, District Judge.

Petitioner, Louis Cerullo, has applied to this court for issuance of a writ of habeas corpus, alleging that the United States Parole Commission ("the Commission") abused its discretion in determining his release date. Specifically, petitioner asserts (1) that the Commission ignored relevant information of his severe medical problems, and (2) that the Commission miscalculated his offense severity rating. (*See* Supplemental memorandum in support of application for writ of habeas corpus, hereinafter cited as supplemental memorandum, p. 1).[1]

The court finds that the Commission committed no abuse of discretion in rendering its decisions, and therefore DENIES the instant petition.

### I.

Petitioner is presently serving two separate five year sentences, both for crimes involving interstate theft of automobiles.

---

1. The original petition and numerous supporting documents were filed by the petitioner *pro se*. Based in part on the documents indicating that petitioner was in dangerously ill health, *see, e.g.,* document entitled Medical Prognosis of Louis Cerullo by Bureau of Prisons Physicians and Related Documents, the court appointed counsel for the petitioner pursuant to the Criminal Justice Act.

The court in this opinion focuses upon the two issues identified and argued by petitioner's attorney in her able brief. The court has also considered the other arguments made by the petitioner in his earlier *pro se* submissions, and finds that none demonstrates an abuse of discretion by the Parole Commission or otherwise furnishes a basis for interference with its decision.

On April 4, 1979, petitioner was sentenced in the United States District Court for the District of New Jersey to a five year term for one count of interstate transportation of a stolen motor vehicle, plus one count of interstate transportation of forged securities. According to the affidavit of Michael J. Santella, a Parole Commission Case Analyst, the presentence report for this offense indicates that petitioner had sold a stolen Cadillac, which was registered under counterfeited title documents. Petitioner was arrested while attempting to sell two other stolen Cadillacs. (*See* affidavit attached to Response to Petition.)

On February 26, 1981, petitioner pleaded guilty in the United States District Court for the Eastern District of New York to one count of conspiracy, six counts of interstate transportation of stolen motor vehicles and six counts of interstate transportation of forged securities. Petitioner was sentenced on these charges on April 4, 1981. Following the imposition of a five year sentence on these charges, the Commission conducted a parole hearing, pursuant to 28 C.F.R. § 2.28(c). The decision reached following this hearing is challenged by the petitioner.

## II.

■ Before reaching the merits of the petition, the court notes its limited role in reviewing a decision of the Parole Commission. See *Bialkin v. Baer,* 719 F.2d 590 at 592–93 (2d Cir.1983) and cases cited therein. The appropriate standard of review, set forth in *Zannino v. Arnold,* 531 F.2d 687, 690 (3d Cir.1976), and followed in this district, provides that the court merely "insure that the [Commission] has followed criteria appropriate, rational and consistent with the statute and that its decision is not arbitrary and capricious, not based on impermissible considerations." *See Billiteri v. United States Board of Parole,* 541 F.2d 938, 944 (2d Cir.1976); *Wiggins v. Nelson,* 510 F.Supp. 666, 667 (D.Conn.1981).

■ The Commission is not bound inexorably to its guidelines; the guidelines merely clarify the exercise of its adminis-

trative discretion. *See Dioguardi v. United States,* 587 F.2d 572, 575 (2d Cir.1978); *Grasso v. Norton,* 520 F.2d 27, 34 (2d Cir. 1975). A court may not substitute its own judgment for that of the Commission, but must uphold an agency's interpretation of its own regulations if it is fair and reasonable. See *Udall v. Tallman,* 380 U.S. 1, 16–18, 85 S.Ct. 792, 801–802, 13 L.Ed.2d 616 (1965).

## III.

Petitioner first argues that the Commission abused its discretion by ignoring mitigating factors, including petitioner's medical problems. The court finds that the Commission committed no abuse of discretion in its treatment of the medical and other mitigating evidence.

■ The documents filed by the petitioner, and uncontroverted by the respondent, demonstrate that the petitioner suffers from a serious and debilitating case of diabetes, including diabetic neuropathy and other diabetic complications. (*See* documents attached to Petition.) However, poor health, in and of itself, does not entitle an offender to early parole or release from incarceration. Although it is true that petitioner suffers from serious medical problems, it is also true that he pleaded guilty to and was sentenced on serious criminal charges. In making its decision, the Parole Commission considered both of these facts.

For example, the United States Parole Commission Hearing Summary, memorializing petitioner's statutory interim hearing, indicates that the Commission did hear and consider the evidence as to petitioner's medical condition, as well as to other mitigating factors. (*See* Exhibit D, p. 2, Response to Petition.) After considering this evidence, the Commission concluded:

> [Petitioner] has been involved in professional car theft for more than a decade (since 1970) and the instant offense is described in all as having involved approximately 150 expensive late model vehicles. He has served a prior federal sentence for the same thing...

*Therefore, despite all the problems with his health and in other areas, the panel believes, as has been previously decided, that he should serve his entire sentence.*

*Id.* (emphasis added.)

■ From this excerpt from the record, as well as from the affidavits and other evidence filed with the court in this case, it is clear that the Commission did not ignore the relevant mitigating evidence. Rather, it considered it, but found it to be outweighed by other proper factors.[2] "The weight to be accorded such factors is clearly entrusted to the discretion of the Commission." *Campbell v. United States Parole Commission,* 704 F.2d 106 (3d Cir. 1983) (reversing District Judge's grant of habeas corpus based in part on prisoner's claim that Commission ignored mitigating evidence), and authority cited therein.

## IV.

■ The second ground advanced in support of the petition concerns the Commission's use of certain information in assessing the severity of the petitioner's offense. Petitioner argues that the Commission improperly considered the total of 150 cars allegedly stolen by the auto theft network of which petitioner was a member, instead of limiting its consideration to the six cars with which petitioner was directly linked.

As noted above, petitioner was sentenced by two different District Courts on charges involving interstate theft of automobiles, interstate transportation of forged securities (automobile title documents), and con-

spiracy. The examiner panel at petitioner's interim hearing rated his offense severity as "Greatest I", explaining:

Your offense behavior has been rated as Greatest I because it involved $750,000 worth of stolen luxury automobiles for resale.

(*See* Notice of Action, Exhibit B, Response to Petition, p. 1). All levels of the Commission appeal process affirmed this calculation of offense severity. (*See* affidavit of Michael Santella, *supra,* and documents attached to Response to Petition.)

Petitioner argues that "there is no rational basis on the record for the valuation of the total offense severity at $750,000." (Supplemental memorandum, p. 5) The court does not agree.

The figure of $750,000 is based upon the 150 stolen cars mentioned in the conspiracy indictment.[3] At a minimum of $5,000 per car, (predominantly late model luxury vehicles), the total figure comes to $750,000.

Petitioner argues that the Commission "blindly" took this figure from the presentence investigation report, which in turn "plucked" it from the indictment, "which was never proved at trial." (Supplemental memorandum at p. 7). This argument seems to suggest that whenever a defendant opts to plead guilty, rather than proceed to full trial, the Parole Commission is by that fact barred from considering the information in the indictment in making parole decisions. This is not the law. Indeed, it has been held that indictments may be considered by the Commission under a

---

**2.** Petitioner in his *pro se* submissions lays great stress on the fact that, at some prior levels in his parole consideration process, it was found that his medical consideration and good institutional behavior supported a release date earlier than the date eventually fixed. However, officials at these earlier stages are merely empowered to make recommendations. The actual decision is vested in the Parole Commissioners themselves. *See* 18 U.S.C. § 4203(c)(2) (1976); 28 C.F.R. § 2.23. It is not an abuse of discretion for the Commissioners to disagree with prior recommendations. *See, e.g., McGee v. Aaron,* 523 F.2d 825 (7th Cir.1975); *See also, Hatton v. Keohane,* 693 F.2d 88 (9th Cir.1982). In the instant case, the disagreement between the various levels of parole authorities suggests not arbitrary caprice,

but serious consideration of a difficult combination of circumstances. It is precisely this sort of decision which must be left to the discretion of the Commission.

**3.** Paragraph 9 of Count 1 of the Indictment (attached to Supplemental memorandum) states: "[O]ver 150 late model Cadillacs were stolen, provided with counterfeit documents, altered and transported out of New York State by all of the defendants and co-conspirators named in this indictment, as well as others, known and unknown to the Grand Jury. Each car had a list price value, at the time of its theft, in excess of $5,000."

wide variety of circumstances. *See, e.g., United States ex rel. Goldberg v. Warden,* 622 F.2d 60 (3d Cir.), *cert. denied,* 449 U.S. 871, 101 S.Ct. 210, 66 L.Ed.2d 91 (1980) (Commission may consider counts of an indictment which have been dismissed); *Arias v. United States Parole Commission,* 648 F.2d 196, 199–200 (3d Cir.1981) (Commission may consider information in a separate dismissed indictment). It was neither irrational nor an abuse of discretion for the Commission in this case to consider information contained in the very indictment to which petitioner pleaded guilty.

Petitioner further argues that the Commission erred in using the $750,000 figure since it was based upon the total number of 150 cars, whereas petitioner was only directly involved with six cars. Petitioner cites as authority for this argument the General Notes of the Commission guidelines. Petitioner quotes and relies upon the following excerpt: [4]

The prisoner is to be held accountable for his own actions and actions done in concert with others; however, the prisoner is not to be held accountable for activities committed by associates over which the prisoner has no control and could not have been reasonably expected to foresee.

*(See* Supplemental memorandum, p. 8). Based upon this language, petitioner asserts:

Petitioner denies having control over the actions of his co-conspirators and, because of his alleged minor involvement, could not have been expected to have any knowledge of, much less, be expected to reasonably forsee [sic], the activities of all the coconspirators.

*Id.* No evidence, factual or by affidavits, was produced to support this assertion.

▮ The record in this case demonstrates that the Commission rejected this factual claim, based upon information in

the presentence report ("PSI".) The Commission is vested with broad discretion in assessing the credibility of information presented to it, *Iuteri v. Nardoza,* 560 F.Supp. 745, 755 (D.Conn.1983), and is explicitly directed by statute to consider presentence investigation reports. 18 U.S.C. § 4204(c) (1976). The Commission did not agree that petitioner's involvement in the interstate car theft conspiracy was "minor." To the contrary, the Commission cited the fact that petitioner was described in the PSI as an integral "cog" in the multistate theft ring. There is no support for petitioner's assertion that he knew nothing about the activities of his co-conspirators.

Further, petitioner's argument—that the Parole Commission should carve out his actions from their group context, and consider them alone—misconceives the nature of petitioner's offense. Petitioner did not merely commit six instances of simple automobile theft; he entered into a conspiracy to commit such thefts. The essence of the crime of conspiracy is the illegal and dangerous combination of persons to pursue unlawful ends. The criminal synergy created by such a cabal threatens society more than do the isolated acts of individuals.[5] Having chosen to join in this conspiracy, petitioner may not artificially sever his actions from those of his fellows. As the court stated in *McArthur v. United States Board of Parole,* 434 F.Supp. 163 (S.D.Ind. 1976), *aff'd mem.* 559 F.2d 1226 (7th Cir. 1977):

Petitioner cannot escape responsibility by hiding his head in the sand and blaming others. He was a full participating member of the conspiracy and shared its gains. The Board of Parole could justly conclude that one who participated in such a scheme is of particular concern to society.

---

**4.** According to counsel for the petitioner, this explanatory language is contained in a procedure manual issued by the Parole Commission.

**5.** The danger inherent in the broadened scope of conspiracy crimes is pointed up by petition-

er's own record. As noted above, petitioner was sentenced on separate charges in two different District Courts. All of these charges centered on interstate theft of automobiles and interstate transportation of counterfeited title documents.

*Id.*, 434 F.Supp. at 166–167. The Parole Commission committed no abuse of discretion in considering the conspiratorial nature and circumstances of petitioner's crime, in determining the severity rating of that crime.

For the foregoing reasons, the petition is DENIED.

SO ORDERED.