Sam CAGNINA, Petitioner

v.

Warden David L. WINN and United States Parole Commission, Respondent.

Civil Action No. 4:06–CV–40083–JLT.

United States District Court, D. Massachusetts.

Aug. 21, 2007.

Sam Cagnina, Ayer, MA, Pro se.

Mark T. Quinlivan, United States Attorney's Office, Boston, MA, for Respondent.

## ORDER

TAURO, District Judge.

After considering the filings in the case, the court hereby orders:

1. The August 9, 2007, Report and Recommendation of U.S.M.J. Alexander is ACCEPTED AND ADOPTED.
2. Plaintiff's Petition for writ of Habeas Corpus [#1] is DENIED.
3. The Petition is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

**REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS** (*Docket # 1*) and **MOTION TO DISMISS** (*Docket # 12*)

ALEXANDER, United States Magistrate Judge.

The Parole Commission (the "Commission") denied Petitioner Sam Cagnina's ("Cagnina")[1] parole request. After exhausting all internal appeals,[2] Cagnina filed this writ of habeas corpus pursuant to 28 U.S.C. § 2241. Cagnina claims that the Commission abused its power in denying him parole and seeks to have its decision overturned.

To date, this action has proceeded on a scattered course. Cagnina filed the instant petition on April 25, 2006, asking this Court to hear his claim that the Parole Commission abused its power in denying him parole. On September 5, 2006, Judge Tauro adopted this Court's Report and Recommendation, entering judgment for Cagnina. However, judgment for Cagnina had been entered only because the Government did not file any responsive pleading; the lack of responsive pleading occurred because the Government was never served with the petition. On December 13, 2006, Judge Tauro vacated the judgment for Cagnina based on the Government's motion. On January 1, 2007, the Government filed a motion to dismiss or, in the alternative, for Cagnina to enter a more definite statement. On February 2, 2007, Cagnina filed the requested statement, to which the Government filed a response, and Cagnina then replied to the Government's brief. On April 26, 2007, Judge Tauro referred the case to this Court for post-conviction proceedings.

In 1981, a jury found Cagnina guilty of the following six crimes: (1) conspiracy to violate the Racketeer Influenced and Corrupt Organization act ("RICO"), in violation of 18 U.S.C. § 1962(d)(2); (2) a substantive RICO offense, in violation of 18 U.S.C. § 472; (3) conspiracy to utter counterfeit securities, in violation of 18 U.S.C. § 371; (4) possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2; (5) truck hijacking, in violation of 18 U.S.C. § 659; and (6) stealing property of the United States, in violation of 18 U.S.C. § 641. He was sentenced to forty-five years in prison with a special parole term of five years. In 1983, while in prison, Cagnina was convicted of conspiracy to possess for distribution between 200 grams and 1.24 kilograms of cocaine, which added three years to his sentence. Cagnina has been assigned an offense severity rating of Category Eight,

---

**1.** Cagnina is also known as "Fat Man" and "Charles Lawton."

**2.** Cagnina filed appeals with the Commission and the National Board of Appeals, both of which denied his requests for parole. The Commission's decision to deny parole was the final internal remedy.

and his projected mandatory release date is October 28, 2009.[3]

■ The circuits are split as to whether Commission decisions may or may not be subject to review for abuse of discretion; those circuits that do review Commission decisions only subject them to a deferential standard.[4] *Moreno–Morales v. U.S. Parole Com'n*, No. 96–2358, 1998 WL 124718, at *3 n. 1 (1st Cir.1998). In *Moreno–Morales*, the First Circuit, in a per curium opinion, held that a decision denying parole may be reviewed, but only to determine if the decision was "irrational, arbitrary, or capricious." *Id.* at *3. As the *Moreno–Morales* standard is one of deferential review, this Court will follow suit and review with deference the Commission's decision.

■ Cagnina's first contention is that the Commission abused its discretion in denying his parole. This contention consists of two points: first, that the parole board exceeded the sentencing guidelines (the "guidelines") laid out in 20 C.F.R. § 2.20 *et seq.*, and second, that because the hearing officer recommended that Cagnina be granted parole on March 31, 2006, the Commission had to follow the hearing officer's recommendation. Both arguments fail at the outset. Regarding the first

point, the guidelines do not set an upper limit on time served for Category Eight offenses; therefore, the Commission cannot exceed the guidelines. The guidelines state, in pertinent part:

> For Category Eight, no upper limits are specified due to the extreme variability of the cases within this category. For decisions exceeding the lower limit of the applicable guideline category by more than 48 months, the Commission will specify the pertinent case factors upon which it relied in reaching its decision, which may include the absence of any factor mitigating the offense.... A contract murder ... or a murder committed to further the aims of an ongoing criminal operation, shall not justify a grant of parole at any point in the prisoner's sentence unless there are compelling circumstances in mitigation ... Such aggravated crimes are considered, by definition, at the extreme high end of Category Eight offenses. For these cases, the expiration of the sentence is deemed to be a decision at the maximum limit of the guideline range.

28 C.F.R. § 2.20 (West 2007). As Cagnina's offense falls within the high end of Category Eight, and the offense has no mitigating factors on the record, the Commission was well within its discretion when it denied Cagnina parole.[5]

**3.** Parole determinations are based on salient factor scores and offense severity ratings, both of which take several factors into account. The offense severity rating is based on crimes the offender committed, and the salient factor score is based on factors such as the offender's age and criminal record. Category Eight is the highest possible offense severity rating; as it is the most serious category of offenses, there is no upper limit on the amount of time a Category Eight offender may serve.

**4.** For example, the Third, Fourth, Sixth, Eighth, and Ninth Circuits have held that Commission decisions are not subject to abuse of discretion review, while the Seventh and Fifth Circuits have held that Commission

decisions are subject to deferential review. *See Jones v. United States Bureau of Prisons*, 903 F.2d 1178, 1183 (8th Cir.1990); *Wallace v. Christensen*, 802 F.2d 1539, 1553 (9th Cir. 1986) (en banc); *Farkas v. United States*, 744 F.2d 37, 38 (6th Cir.1984); *Garafola v. Wilkinson*, 721 F.2d 420, 423–24 (3d Cir.1983); *Garcia v. Neagle*, 660 F.2d 983, 988–89 (4th Cir.1981); *Hanahan v. Luther*, 693 F.2d 629, 632 (7th Cir.1982); *Simpson v. Ortiz*, 995 F.2d 606, 608 (5th Cir.1993).

**5.** In informing Cagnina of the reasons for withholding parole, the Commission wrote, "After review of all relevant factors and information presented, a decision exceeding the lower limit of the applicable guideline category by more than 48 months is warranted

■ Regarding the second point, the hearing officer may only make a non-binding recommendation; the final parole determination rests with the Commission. *Lynch v. U.S. Parole Com'n*, 768 F.2d 491, 496 (2nd Cir.1985); *see also* 28 C.F.R. § 2.23(d) (West 2007); 28 C.F.R. § 2.24 (West 2007). Therefore, it is within the Commission's discretion to withhold parole despite a hearing officer's recommendation.

■ The second contention Cagnina posits is that the Commission considered improper hearsay evidence during the testimony of officials when determining to withhold parole. However, as parole hearings are not part of criminal proceedings, the rules of evidence do not apply. *See, e.g., Crawford v. Jackson*, 323 F.3d 123, 128 (D.C.Cir.2003). The Commission considers the totality of the offender's conduct, based on the record, hearsay testimony from interested parties, from prison officials, and the hearing officer. *See id.; see also Fiumara v. O'Brien*, 889 F.2d 254, 257 (10th Cir.1989); *Maddox v. U.S. Parole Com'n*, 821 F.2d 997, 999 (5th Cir. 1987). The Commission, therefore, acted within its discretion when it considered hearsay evidence and aggravating factors from the offenses Cagnina committed.

■ Third, Cagnina posits that he must be released on parole because of his failing health. "The weight to be accorded any particular fact pertaining to an individual offender's release rests with the Commission's sole discretion." *Allen v. U.S. Parole Com'n*, 671 F.2d 322, 324 (9th Cir. 1982). Further, "poor health, in and of itself, does not entitle an offender to parole or early release from incarceration;" rather, it is one of the many factors the Commission considers when making its decision. *Cerullo v. Gunnell*, 586 F.Supp. 211, 213 (D.Conn.1983). The Commission considered Cagnina's health along with his criminal history, the crime he committed within prison, and the severity of his offenses. Based on the aggregate factors, the Commissions' decision was not irrational, arbitrary, or capricious. *Moreno–Morales*, 1998 WL 124718, at *3. It was within the Commission's discretion to determine that Cagnina should serve his entire sentence. *Cerullo*, 586 F.Supp. at 213.[6]

Accordingly, for the reasons articulated above, this Court FINDS that the Commission acted within its discretion when it denied Cagnina's parole. The Commission and its internal appeals boards considered testimony from interested parties, Cagnina's failing health, and his offense severity rating. After making its decision, it laid out its reasoning for denial in its communications with Cagnina. Therefore, this Court RECOMMENDS that the District Judge DENY Cagnina's petition for writ of

---

based on the following pertinent aggravating case factors: You committed two murders to further the aims of an on-going criminal racketeering operation. In addition, you committed or conspired with others to commit, two attempted murders of one victim and an additional attempted murder of a second victim, all to further the aims of an on-going criminal racketeering operation. The second attempt on victim Lee's life involved a contract of murder and your [sic] were present when the contract was made. You were paid to contract murder victim Lopez, victim Lopez survived but lost a leg as a result of the murder attempt." This paragraph indicates the Com-

mission's consideration of the total offense circumstances, and fully lists its reasoning for denying parole. It further indicates that the decision was not arbitrary or capricious, as there are several aggravating offense factors listed and no mitigating offense factors on the record.

**6.** In response to Cagnina's appeal, the National Appeals Board of the Commission discussed all of the relevant case factors, including the following: "The Commission has considered your health and age and concluded that it does not warrant a more lenient decision."

habeas corpus. As such, this Court further RECOMMENDS that the District Judge not hold an evidentiary hearing. An evidentiary hearing is only held if such a hearing could enable a petitioner to prove his factual allegations. *Schriro v. Landrigan,* — U.S. ——, ——, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007). As the record is quite perspicuous that the Commission did not abuse its discretion, the District Judge need not hold an evidentiary hearing.

For the same reasons, this Court RECOMMENDS that the District Judge ALLOW the Government's Motion to Dismiss.

SO ORDERED.

Aug. 9, 2007.