**Leon ROBINSON, Plaintiff-Appellant,**

v.

**John T. HADDEN, and the United States Parole Commission, Defendants-Appellees.**

No. 82–1584.

United States Court of Appeals, Tenth Circuit.

Dec. 12, 1983.

Certiorari Denied March 26, 1984. See 104 S.Ct. 1684.

Vicki Mandell-King, Asst. Federal Public Defender, Denver, Colo. (Michael G. Katz, Federal Public Defender, Denver, Colo., was also on the brief), for plaintiff-appellant.

Raymond P. Moore, Asst. U.S. Atty., Denver, Colo. (Robert N. Miller, U.S. Atty., Linda A. Surbaugh and Charles H. Torres, Asst. U.S. Attys., Denver, Colo., were also on the brief), for defendants-appellees.

Before SETH, Chief Judge, HOLLOWAY, Circuit Judge, and ARRAJ,* District Judge.

HOLLOWAY, Circuit Judge.

Plaintiff-appellant Leon Robinson timely appeals the order denying his petition for a writ of habeas corpus. Robinson contends that a writ of habeas corpus should have been granted because the Parole Commission (1) by considering counts dismissed pursuant to a plea bargain agreement in characterizing Robinson's offense severity violated Robinson's due process rights and

called into question the validity of his guilty plea; (2) abused its discretion, violated its statutory duty, and violated Robinson's due process rights in using Robinson's fourth dismissed count to characterize Robinson's offense as Greatest II; (3) violated its statutory duty and Robinson's due process rights by failing to give adequate reasons for going above its guidelines in setting Robinson's parole date; and (4) abused its discretion by failing to go below its guidelines. We disagree and must affirm.

## I

Pursuant to a plea agreement, Robinson entered a plea of guilty to one count of bank robbery and four other counts of bank robbery were dismissed. Robinson was sentenced in the United States District Court for the Central District of California in November 1978, to an eleven year term pursuant to 18 U.S.C. § 4205(b)(2). Brief of Appellant at 3.

Robinson began serving his sentence at F.C.I. Lompoc. His initial parole hearing was conducted in May 1979. The hearing summary refers to the presentence report which states that, during an interview with the F.B.I., Robinson admitted five bank robberies. The hearing summary also states that Robinson admitted at the hearing that he committed the five bank robberies. I R. 23; Brief of Appellant at 3.

In a Notice of Action in May 1979, the Parole Commission stated that Robinson's "offense behavior has been rated as greatest II severity" because he "robbed five banks," that Robinson has a salient factor score of 2, and that the guidelines call for 110 plus months' service before release. I R. 26. After a review of Robinson's case the Parole Commission arrived at the same decision in January 1980. A revision in the guidelines called for service of 100 plus months. I R. 27.

Robinson was transferred to F.C.I. Englewood in July 1980. Brief of Appellant at 4.

---

* Honorable Alfred A. Arraj, United States District Judge of the District of Colorado, sitting by designation.

A statutory interim hearing was conducted in May 1981. The hearing summary refers to a serious incident report in which Robinson was found guilty of fighting, and to a minor incident report. Robinson's completion of machine shop, vocational training, Black history, drug abuse, and positive mental attitude courses and his marriage in April 1981 were also noted. I R. 28–29.

In a Notice of Action dated June 10, 1981, the Parole Commission again rated Robinson's offense behavior as greatest II severity because he robbed five banks and gave him a salient factor score of 2. The Commission noted that the guidelines established indicate a range of 100 plus months to be served before release. I R. 32. Robinson appealed the Commission's decision and his regional and national appeals were denied. I R. 33–44.

Thereafter Robinson filed this habeas suit. A magistrate recommended dismissal of the habeas action. I R. 58–60. After a hearing the district court denied Robinson's petition. The district court, 536 F.Supp. 586, found essentially that the Parole Commission may consider, in making a parole determination, evidence of offenses committed by the prisoner that are charged in dismissed counts, as long as there are not any dominant countervailing considerations. However, if doing so would violate a previous plea agreement made by a Government prosecutor, or if a defendant pleaded guilty without the knowledge that [such counts would be considered] or under the mistaken impression that evidence of the dismissed counts would not be considered in his parole determination, then the Parole Commission may not consider such evidence. The district court found that there is no evidence that the Government breached any promises it made in return for the guilty plea, nor is there any evidence that Robinson was under an erroneous assumption regarding consideration of the dismissed counts by the Parole Commission. I R. 64–84.

The district court also found that because Robinson admitted at the parole hearing that he had committed all five bank robberies, the Parole Commission's finding that

Robinson committed five bank robberies was supported by a preponderance of the evidence. In addition, because the offense of five robberies is not listed in the guidelines, but four robberies is Greatest I severity, the district judge concluded that the Parole Commission did not abuse its discretion in rating the five offenses as Greatest II severity.

The district court further found that even though factors exist which are favorable to Robinson, this evidence does not support a finding that the Parole Commission abused its discretion in not going below the guidelines in fixing Robinson's release date. For these reasons the petition was denied. This appeal followed.

## II

■ "Judicial review of Parole Board decisions is narrow. The standard of review of action by the Parole Commission is whether the decision is arbitrary and capricious or is an abuse of discretion." *Dye v. United States Parole Commission,* 558 F.2d 1376, 1378 (10th Cir.1977); *see* 18 U.S.C. § 4218(d) (1976). We begin with this standard as we review the action of the Parole Commission in setting Robinson's parole date.

### A.

Our first question is whether the Commission erred in considering four dismissed counts charging bank robberies. Robinson argues that he pled guilty to only one bank robbery, that the four additional counts were dismissed pursuant to a plea agreement, that consideration of the dismissed counts is not authorized by statute or regulation, and thus the Commission erred in using them to classify his offense severity as Greatest II.

The information on the four dismissed counts was contained in the presentence report. The hearing summary of the Commission refers to the presentence report which states that, during an interview with the F.B.I., Robinson admitted five bank robberies. The hearing summary also says Robinson admitted the other offenses at the

hearing. On this appeal Robinson does not reassert the claim that the Commission's conclusion that he committed other robberies is not supported by a preponderance of the evidence. Brief of Appellant at 3 n. 1.

■ "In making predictive appraisals, parole boards should have available to them a wide panoply of information concerning the parole applicant." *Schuemann v. Colorado State Bd. of Adult Parole,* 624 F.2d 172, 174 (10th Cir.1980). The Parole Commission shall consider, if available and relevant, presentence investigation reports. 18 U.S.C. § 4207(3) (1976); 28 C.F.R. § 2.19(a)(3) (1980); *accord, Dye,* 558 F.2d at 1376. Congress thus has authorized the Parole Commission to view presentence reports

despite the knowledge that "[t]here are no formal limitations on their contents, and they may rest on hearsay and contain information bearing no relation whatever to the crime with which the defendant is charged." *Gregg v. United States,* 394 U.S. 489, 492, 89 S.Ct. 1134, 1136, 22 L.Ed.2d 442 (1969).

*Goldberg v. Warden, Allenwood Federal Prison Camp,* 622 F.2d 60, 64 (3d Cir.), *cert. denied,* 449 U.S. 871, 101 S.Ct. 210, 66 L.Ed.2d 91 (1980). Hence the Commission did not err in considering the presentence report of Robinson.

■ Moreover, we also find that the Parole Commission did not abuse its discretion in considering evidence concerning the counts dismissed pursuant to the plea bargain agreement, information which was contained in the presentence report, in characterizing Robinson's offense severity. "Paroling authorities are not limited to consideration of formally adjudicated crimes in determining the likelihood of a prisoner's success, if released on parole." *Christopher v. U.S. Bd. of Parole,* 589 F.2d 924, 932 (7th Cir.1978) (citing *Williams v. New York,* 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949)); *Trammell v. United States,* No. 77–1400 (10th Cir. Nov. 1, 1977) (unpublished opinion). In *Goldberg,* 622 F.2d at 61, the prosecution dismissed certain counts of an indictment "with prejudice," as a result of a plea bargain. Petitioner contended that as a consequence of that phraseology, the Parole Commission could not consider the conduct underlying those counts in deciding whether to grant parole on a related charge to which petitioner pleaded guilty. The court of appeals rejected petitioner's contention. The court noted that "the common understanding is that in the absence of contrary expression, counts dismissed as a result of plea bargaining are 'with prejudice.'" *Id.* at 65. The court concluded that

standing alone, the phrase "with prejudice" does not bar comment in the presentence report about the charges in the dismissed counts and does not prevent consideration of that conduct by the Parole Commission in weighing all the factors bearing on the nature of the offense and the prisoner's character as well.

*Id.; see Arias v. United States Parole Commission,* 648 F.2d 196 (3d Cir.1981); *Billiteri v. United States Board of Parole,* 541 F.2d 938 (2d Cir.1976); *Bistram v. U.S. Parole Board,* 535 F.2d 329 (5th Cir.1976); *cf. Carrasquillo v. Thomas,* 677 F.2d 225 (2d Cir. 1982) (criminal charges contained in an indictment dismissed with prejudice can form the basis for a subsequent revocation of parole); *accord, Narvaiz v. Day,* 444 F.Supp. 36 (W.D.Okla.1977); *but see Watts v. Hadden,* 469 F.Supp. 223 (D.Colo.1979) (dictum relied on by Robinson, 469 F.Supp. at 233, stated that plea agreements can be circumvented by expedient of giving to the Commission offense information not tested through adjudicatory procedures, with summary only given to inmate who has no opportunity to challenge its accuracy, raising due process questions), *aff'd on other grounds,* 651 F.2d 1354 (10th Cir.1981).

In *Goldberg,* 622 F.2d at 66, although the court of appeals rejected the petitioner's objections to consideration by the Commission of dismissed counts, in view of the wording of the plea agreement to dismiss those counts "with prejudice," the court did remand. It did so because the petitioner had alleged that the plea bargain incorporated the Government's agreement not to

use the allegations of the dismissed counts in considering eligibility for parole. While the plea agreement on its face did not link the dismissal to parole recommendation or consideration, the record ·was not clear whether the petitioner was raising a factual issue concerning the Government's representations in addition to his interpretation of the phrase "with prejudice." The case was remanded for the district court to resolve that matter.

Here, Robinson states that his claim "does not involve a specific assurance by the prosecutor that dismissed counts would not be considered." Brief of Appellant at 9. Robinson also does not point to any such provisions in the plea agreement itself. The district court found that there is no evidence of an erroneous assumption on Robinson's part that the dismissed counts would not be considered in making his parole determination, nor is there any evidence that the Government made any promises in return for the guilty plea, which it later breached. I R. 81–82.

■ We are persuaded that in making a parole determination, the Commission may consider evidence of offenses by a prisoner which were charged in dismissed counts unless such consideration would violate a plea agreement, *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971), or a representation made by the Government. The findings here rule out these possibilities and they are supported by the record. Therefore the Commission did not err in considering the evidence. Moreover since Robinson had admitted committing the five bank robberies,[1] there was "relevant, reasonably reliable evidence" of the commission of the other crimes. *Marshall v. Garrison,* 659 F.2d 440, 446 (4th Cir.1981).

### B.

Robinson further argues that the Commission abused its discretion, and violated its statutory duty and his due process rights, in characterizing his offense as Greatest II severity.

■ We find that the Parole Commission did not abuse its discretion by using Robinson's fourth dismissed count to increase his severity of offense behavior rating from Greatest I to Greatest II. Pursuant to the Commission's paroling policy guidelines, 28 C.F.R. § 2.20 (1980), offense behavior consisting of three or four instances of robbery is rated as Greatest I severity. However, "especially mitigating or aggravating circumstances in a particular case may justify a decision or a severity rating different from that listed." *Id.,* (d). "If an offense behavior involved multiple separate offenses, the severity level may be increased." *Id.,* note D. Because four instances of robbery are listed in the guidelines for Greatest I severity, the Parole Commission could increase the severity of offense behavior rating to Greatest II.

### C.

Robinson argues that the Commission violated the statute and due process principles by failing to give adequate reasons for its parole decision, which he says went above the guidelines.

■ We disagree. The reasons for the Commission's determination were clearly stated. Moreover the paroling policy guidelines indicate that for Robinson's offense characteristics (severity of offense behavior) and offender characteristics (parole prognosis—salient factor) the customary total time to be served before Robinson's release is 100 plus months. *Id.,* Guidelines for Decision-Making. The Parole Commission, then, did not go above its guidelines in setting Robinson's parole date; therefore there is no substance to the claim of a violation of the procedural requirements of 18 U.S.C. 4206(c) (1976) or of due process.

---

1. After reviewing the tape recording of Robinson's parole hearing, the district court concluded that Robinson "admitted that he had committed all five bank robberies." I R. 82. In addition, Robinson's appellate brief before us states that he "does not reassert the claim that the Commission's conclusion he committed other robberies is not supported by a preponderance of the evidence." Brief of Appellant at 3.

## D.

 Lastly, Robinson contends that the Commission abused its discretion by not going below the guidelines in his case in fixing his release date. Even though it is true that certain factors exist which are favorable to Robinson, they are only factors for the Parole Commission to consider, and the Hearing Summary recited the factors, bringing them before the Commission. I R. 28. *See Solomon v. Elsea,* 676 F.2d 282, 291 (7th Cir.1982).

## III

In sum, having considered all of the plaintiff's appellate arguments we find that the Parole Commission did not abuse its discretion in setting Robinson's parole date and that the district court properly denied the petition for habeas relief.

AFFIRMED.