801 F.2d 394
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William L. HOLLY, Plaintiff-Appellant,
v.
U.S. PAROLE COMMISSION, Defendant-Appellee.
 No. 86-7097.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 29, 1986.
Decided Sept. 19, 1986.
 
 William L. Holly, appellant pro se.
 John Perry Alderman, Office of the United States Attorney, for appellee.
 W.D.Va.
 AFFIRMED.
 Before HALL, ERVIN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 William L. Holly, a federal prisoner, appeals from the magistrate's dismissal, after appointment of counsel and a trial, of his petition for a writ of habeas corpus. We affirm.
 
 
 2
 Holly was sentenced in 1976 to an eighteen-year federal term of imprisonment for committing bank robbery in South Carolina. He was paroled from this sentence in August 1981 to the Commonwealth of Virginia and released from Virginia custody to federal parole supervision in August 1982. On March 9, 1983, Holly was convicted in the General District Court for the City of Richmond, Virginia, of petit larceny and carrying a concealed weapon, both misdemeanors. He was initially charged with at tempted robbery and carrying a concealed weapon, but the former charge was ultimately reduced to petit larceny[1] and Holly pleaded guilty to the two misdemeanors. As a result of these convictions, Holly's federal parole was ultimately revoked.
 
 
 3
 Holly filed a petition for a writ of habeas corpus in the district court challenging the timeliness of his parole revocation and, in addition, asserting that the United States Parole Commission (the "Commission") violated its own regulations in contravention of the due process clause. The latter contention is grounded on two alleged errors by the Commission: the failure to disclose prior to Holly's parole revocation hearing all documents supporting the parole revocation and the use by the Commission of Holly's charge of attempted robbery, rather than his conviction of petit larceny, in computing his presumptive parole date.[2] The alleged prejudice to Holly is a presumptive parole date later than that which would result from the use of petit larceny rather than attempted robbery in computing the date.[3]
 
 
 4
 Holly's claim that his parole revocation was untimely must fail under Gaddy v. Michael, 519 F.2d 669 (4th Cir. 1975), cert. denied, 429 U.S. 998 (1976). There, we held that the Commission (then the United States Board of Parole) may lawfully delay execution of its warrant revoking parole until after a federal parolee has completed service of an intervening state sentence.
 
 
 5
 We also affirm the refusal by the magistrate to grant relief on Holly's other claims. In considering parole determination, the Commission is permitted by 18 U.S.C. Sec. 4207 to consider a broad range of information. The Commission's regulations prescribe review of such information and provide, in relevant part:
 
 
 6
 The Commission may take into account any substantial information available to it in establishing the prisoner's offense severity rating, salient factor score, and any aggravating or mitigating circumstances, provided the prisoner is apprised of the information and afforded an opportunity to respond. if the prisoner disputes the accuracy of the information presented, the Commission shall resolve such dispute by the preponderance of the evidence standard; that is, the Commission shall rely upon such information only to the extent that it represents the explanation of the facts that best accords with reason and probability. However, the Commission shall not consider in any determination, charges upon which a prisoner was found not guilty after trial unless:
 
 
 7
 (1) Reliable evidence is presented that was not introduced at trial (e.g., a subsequent admission or other clear indication of guilt); or
 
 
 8
 (2) The prisoner was found not guilty by reason of his mental condition.
 
 
 9
 28 C.F.R. Sec. 2.19(c) (1985). We conclude, after reviewing the record, that the Commission had "substantial evidence" of the charge of attempted robbery against Holly and that Holly had sufficient notice of the charge to present evidence on his behalf. In reaching this conclusion, we note that documents presented to Holly prior to his hearing contained a written reference to the initial charge of attempted robbery,[4] and that Holly was specifically questioned about that charge at his parole revocation hearing. Rather than availing himself of the opportunity to explain the circumstances surrounding the charge, Holly invoked his fifth amendment privilege against self-incrimination. Holly cannot now complain that he did not know that the Commission would consider that charge at his revocation hearing.
 
 
 10
 Finally, Holly's assertion that use by the Commission of the dismissed attempted robbery charge was improper must fail in light of Robinson v. Hadden, 723 F.2d 59 (10th Cir. 1983), cert. denied, 466 U.S. 906 (1984). There, the Tenth Circuit held that if in making a parole determination, the Commission may consider evidence of offenses by a prisoner which were charged in dismissed counts unless such consideration would violate a plea agreement ... or a representation made by the Government." 723 F.2d at 63 (citation omitted).
 
 
 11
 For the foregoing reasons, we affirm the judgment of the magistrate. Holly's motion for appointment of counsel is denied. Since it would not aid in the decisional process, we dispense with oral argument.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 The General District Court for the City of Richmond is a court not of record and it is unclear what proceedings took place in that court prior to Holly's plea to petit larceny. The record in this appeal indicates, in any event, that the state prosecutor concluded that there was insufficient evidence to convict Holly of attempted robbery
 
 
 [2]
 Pursuant to the Commission's regulations, a grid-like combination of offense characteristics and offender characteristics results in a recommended period of incarceration from which a presumptive parole date is determined. 28 C.F.R. Sec. 2.20 (1985)
 
 
 [3]
 The record does not disclose any claimed prejudice resulting from the allegedly untimely parole revocation hearing
 
 
 [4]
 Although the Commission refused to provide Holly confidential Richmond, Virginia, police investigation reports when first requested, those documents, supporting the attempted robbery charge, were provided to Holly and his counsel prior to the revocation hearing. When confronted with those documents, Holly did not request a continuance. In addition, documents provided to Holly months before the hearing referred to an initial charge of attempted robbery and should have put him on notice that the Commission would consider the charge