848 F.2d 186
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Scott VESS, Plaintiff-Appellant,
v.
Grady A. WALLACE; Judy A. Boland; G. Anderson Surles;
Mario Beasley; Rhett Jackson; John E. Huss; Jerry M.
Neal; Frank B. Sanders; H.L. Lackey; Lee R. Cathcart;
Walter N. Lawson, Defendants-Appellees.
 No. 87-7758.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 27, 1988.
Decided May 24, 1988.
 
 Scott Vess, appellant pro se.
 Carl N. Lundberg (South Carolina Department of Parole & Community Corrections), for appellees.
 Before DONALD RUSSELL and WIDENER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Scott Vess appeals the district court's decision accepting the magistrate's recommendation and dismissing his 42 U.S.C. Sec. 1983 action. Finding no merit to Vess's appeal, we affirm.
 
 
 2
 Vess sought damages and declaratory and injunctive relief against members of the South Carolina Parole Board alleging that one member was under the influence of medication or an intoxicant at Vess's hearing; moreover, his hearing was conducted by a three-member panel when he was entitled to a seven-member panel.
 
 
 3
 The magistrate recommended entry of summary judgment for the defendants based upon the absolute immunity enjoyed by parole board members. The magistrate's report did not address Vess's claims for declaratory and injunctive relief. Vess was notified of his right to file objections but did not do so. The district court granted summary judgment for the defendants.*
 
 
 4
 By failing to object to the magistrate's report, Vess has waived his right to appellate review of the issue of parole board immunity from damages suits. United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).
 
 
 5
 Assuming that Vess has retained his right to review regarding issues not addressed by the magistrate, his claims have no merit. Vess has not established that the board's decision lacked a rational basis or constituted an abuse of discretion. See Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1 (1979). The standard of review of a parole board's action is whether its decision is arbitrary and capricious or is an abuse of discretion. Robinson v. Hadden, 723 F.2d 59 (10th Cir.1983), cert. denied, 466 U.S. 906 (1984). In addition, the district court's reference to a seven-member panel would not matter; South Carolina law authorizes parole hearings conducted by either a seven or three-member panel. S.C.Code Ann. Sec. 24-21-30 (Law.Co-op.Supp.1987). We affirm the district court's decision.
 
 
 6
 As the facts and legal arguments are adequately presented in the briefs and record, the decisional process will not be significantly aided by oral argument.
 
 
 7
 AFFIRMED.
 
 
 
 *
 On Appeal Vess points out that the district court incorrectly stated that Vess was denied parole by a seven-member rather than a three-member panel