37 F.3d 1510
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert Louis NICHOLAS, Petitioner-Appellant,
v.
William PERRILL, Warden; U.S. Parole Commission,
Respondents-Appellees.
 No. 94-1019.
 United States Court of Appeals, Tenth Circuit.
 Oct. 11, 1994.
 
 1
 Before MOORE and ANDERSON, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner-appellant Robert Louis Nicholas appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2241. Because the United States Parole Commission (Commission) did not violate due process by relying on hearsay that linked Mr. Nicholas to crimes for which he has not been convicted, and did not abuse its discretion in exceeding the parole guidelines or denying him a superior program achievement award, we affirm.
 
 
 4
 Mr. Nicholas is currently serving a thirty-year sentence in federal custody for interfering with commerce by threats of violence and for conspiring to interfere with commerce by threats of violence. His convictions stem from participation in a plan in which he and four others lured victims to the desert on the pretext of a large gold transaction, and then robbed and abandoned them. After the five conspirators traveled to Mexico, two were murdered. According to the presentence report, Mr. Nicholas and another conspirator drove away with the murder victims and returned approximately two hours later without them. R. I, doc. 10, ex. B at 5.
 
 
 5
 Upon Mr. Nicholas' application for a parole hearing, the Commission requested information from the probation department about certain charges against him that had been dismissed. The probation department's response noted that the prosecuting United States Attorney believed Mr. Nicholas to be "instrumental in the execution style murders of Herman and Peggy Towe," but that the United States was without jurisdiction to prosecute because the murders occurred in Mexico. R. I, doc. 10, ex. D at 2.
 
 
 6
 After a hearing, the panel rated Mr. Nicholas' offense as Category Eight severity, based on the violence used in the robbery and his later involvement in the murders. This rating placed Mr. Nicholas in the guideline range of 100+ months. The panel recommended that Mr. Nicholas serve his entire sentence, identifying as aggravating factors Mr. Nicholas' assault of the robbery victims with a rock, and his involvement in the two murders. The Commission agreed with this recommendation and the National Appeal Board (Board) affirmed.
 
 
 7
 In March 1992, Mr. Nicholas received a statutory interim hearing. The hearing panel declined to advance Mr. Nicholas' release date for superior program achievement and recommended no change to its decision that he serve his entire sentence. The Commission concurred, and the Board affirmed on appeal.
 
 
 8
 Mr. Nicholas filed his petition for a writ of habeas corpus in the United States District Court for the District of Colorado, claiming that the Commission violated due process by using the hearsay statement linking him to the murders, and that it abused its discretion in exceeding the guidelines based on the unproven murders and in denying him a superior program achievement award. The district court denied the petition and this appeal followed.
 
 
 9
 We review de novo the district court's decision to deny habeas relief. Sinclair v. Henman, 986 F.2d 407, 408 (10th Cir.), cert. denied, 114 S.Ct. 129 (1993). Judicial review of the Commission's decision to exceed parole guidelines is quite limited. Kell v. United States Parole Comm'n, 26 F.3d 1016, 1019 (10th Cir.1994). We examine only whether the decision is supported by a rational basis in the record. Id. The Commission's decision will not be disturbed "unless there is a clear showing of arbitrary and capricious action or an abuse of discretion." Sotelo v. Hadden, 721 F.2d 700, 702 (10th Cir.1983).
 
 
 10
 Mr. Nicholas argues that the Commission denied him due process by considering the hearsay statement linking him to crimes for which he has not been convicted. Mr. Nicholas has not shown, however, that his interest in early release is an interest protected by the due process clause. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.... [T]he conviction, with all its procedural safeguards, has extinguished [the prisoner's] liberty right." Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979). Nor has Mr. Nicholas identified a statute creating a "legitimate claim of entitlement" to parole so as to invoke due process protection. See Board of Regents v. Roth, 408 U.S. 564, 577 (1972).
 
 
 11
 Even if we assume that Mr. Nicholas' interest in early release is constitutionally protected, the Commission's use of the hearsay statement did not violate his rights. Reliance on hearsay evidence in a parole hearing does not violate due process when the prisoner "had an opportunity to respond to the hearsay evidence at the ... hearing, he received the Commission's written statement of its reasons for going beyond the guidelines, and he challenged the Commission's [factual findings] on appeal." Kell, 26 F.3d at 1021; see also Greenholtz, 442 U.S. at 16 (holding that even if Nebraska parole scheme created some form of entitlement to parole, procedure which "affords an opportunity to be heard, and [informs] the inmate in what respects he falls short of qualifying for parole ... affords the process that is due"). As the Court noted in Greenholtz: "Merely because a statutory expectation exists cannot mean that in addition to the full panoply of due process required to convict and confine there must also be repeated, adversary hearings in order to continue the confinement." Id. at 14.
 
 
 12
 Here, Mr. Nicholas had an opportunity to respond to the hearsay evidence both at his initial hearing and later, at his interim hearing; he received a written statement of the Commission's reasons for going beyond the guidelines; and he challenged the Commission's factual conclusion regarding his involvement with the murders on appeal. "Due process requires nothing more." Kell, 26 F.3d at 1021.
 
 
 13
 We also conclude that the Commission's reliance on the United States Attorney's statement was not arbitrary, capricious or an abuse of discretion. "[T]he Commission is not limited to the consideration of formally adjudicated crimes, and is entitled to consider information from prosecutors and other parties when making its determinations regarding the release of prisoners." Fiumara v. O'Brien, 889 F.2d 254, 257 (10th Cir.1989), cert. denied, 495 U.S. 958 (1990). In making a parole determination, the Commission may consider evidence of offenses for which the charges have been dismissed. Robinson v. Hadden, 723 F.2d 59, 62-63 (10th Cir.1983), cert. denied, 466 U.S. 906 (1984); see also Maddox v. United States Parole Comm'n, 821 F.2d 997, 999 (5th Cir.1987) ("[T]he Commission may consider dismissed counts of an indictment, hearsay evidence, and allegations of criminal activity for which the prisoner has not even been charged." (footnotes omitted)). Because the prosecutor's statement, together with the information that Mr. Nicholas drove off with the murder victims and returned several hours later without them, provides a "rational basis" for linking him to the murders, the Commission did not act arbitrarily, capriciously, or abuse its discretion, in denying parole. See Kell, 26 F.3d at 1019.
 
 
 14
 Mr. Nicholas' argument that the Commission violated 28 C.F.R. 2.19(c) by considering his involvement in the murders is without merit. That section requires the Commission to defer to an acquittal by a trier of fact; it does not apply to counts dismissed for lack of jurisdiction.
 
 
 15
 Finally, the Commission did not abuse its discretion in denying Mr. Nicholas an advance of his release date for superior program achievement. Such an award is purely discretionary. Denying the award for lack of participation in educational or vocational classes does not constitute an abuse of discretion.
 
 
 16
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470