68 F.3d 483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Paul DICARO, Petitioner-Appellant,
v.
William PERRILL, Warden, Respondent-Appellee.
 No. 94-1557.
 United States Court of Appeals, Tenth Circuit.
 Oct. 16, 1995.
 
 Before MOORE, BARRETT, and WEIS,** Circuit Judges.
 ORDER AND JUDGMENT[1]
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner-appellant Paul DiCaro appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2241. In his petition, DiCaro challenges the United States Parole Commission's setting of his eligible-for-parole date, claiming the Commission's decision is an abuse of discretion and in violation of his due process rights. We determine that DiCaro's appeal is not well-founded, and we affirm the district court's decision.
 
 
 3
 On appeal, DiCaro alleges that in making its parole decision the Commission (1) failed to properly consider his eligibility for a reward pursuant to 28 C.F.R. 2.63, and his institutional adjustment record, (2) impermissibly engaged in double counting by using the same facts to justify going outside the guidelines as those used for determining his offense severity, and (3) abused its discretion in considering his alleged involvement in the attempted murder of a witness to justify a parole determination above the guidelines.
 
 
 4
 Pursuant to 4203 of the Parole Commission and Reorganization Act, 18 U.S.C. 4201-18,[2] the Commission has adopted regulations which provide guidelines for determining when a parole should be granted. See 28 C.F.R. 2.20. The regulations establish a grid which contains a "salient factor score," measuring an inmate's potential for violating parole, and a "severity rating," reflecting the severity of the inmate's underlying offense. Id. Once the salient factor score and the severity rating are established, the guidelines provide a suggested range of time that the inmate should serve before being paroled. Id. "Where the circumstances warrant," the Commission may select a presumptive parole date outside the guidelines, either above or below the suggested time range. Id. 2.20(c).
 
 
 5
 Following a parole hearing on August 3, 1993, the Commission examiners assigned DiCaro a presumptive parole date of 167 months based on an offense severity rate of seven and a salient factor score of six. The guidelines in effect at the time suggested a presumptive parole date of 64-92 months. On administrative appeal, the National Appeals Board affirmed the date issued. DiCaro then filed his habeas petition, advancing his contentions of error. The district court adopted the recommendation of the magistrate judge to deny the petition and dismiss the case.
 
 
 6
 We review the district court's decision to deny habeas relief de novo. Sinclair v. Henman, 986 F.2d 407, 408 (10th Cir.), cert. denied, 114 S.Ct. 129 (1993). Judicial review of the Commission's decision to exceed the parole guidelines in setting an inmate's release date is limited, with deference given to the agency's interpretation of its own regulations. Sotelo v. Hadden, 721 F.2d 700, 702 (10th Cir.1983). Our standard of judicial review of a parole decision is whether the decision is arbitrary and capricious or an abuse of discretion. Turner v. United States Parole Comm'n, 934 F.2d 254, 256 (10th Cir.), cert. denied, 112 S.Ct. 239 (1991). " 'The inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons.' " Misasi v. United States Parole Comm'n, 835 F.2d 754, 758 (10th Cir.1987)(quoting Solomon v. Elsea, 676 F.2d 282, 290 (7th Cir.1982)).
 
 
 7
 DiCaro initially asserts that the Commission failed to consider his request for a reward pursuant to 28 C.F.R. 2.63[3] and the favorable evidence of his institutional adjustment. Contrary to DiCaro's interpretation that the regulation requires the Commission to consider the inmate for a reward, decisions under this regulation are left to the discretion of the Commission, and there is no entitlement to a reduction of the presumptive parole date. See Robinson v. Hadden, 723 F.2d 59, 64 (10th Cir.1983)(holding the mere presence of favorable evidence does not mandate a downward departure from the guideline range), cert. denied, 466 U.S. 906 (1984).
 
 
 8
 The weight given an institutional adjustment record is discretionary. Nunez-Guardado v. Hadden, 722 F.2d 618, 624 (10th Cir.1983). The fact that the Commission did not grant DiCaro a downward departure does not mean that the favorable evidence was ignored. See id. To the contrary, the hearing summary report indicates that although the Commission considered DiCaro's "outstanding work record, attitude, [and] program achievements while in custody," it believed his "significant criminal conduct" justified the Commission's recommendation above the guidelines. Appellant's App. at 22. DiCaro fails to show that the Commission abused its discretion in the weight it gave to this evidence.
 
 
 9
 Next, DiCaro contends that the Commission impermissibly "double counted" when it used his multiple offenses to justify going above the guideline range after using the same multiple offenses to increase his salient factor score and his offense severity rating. "Double-counting occurs when the Commission justifies a decision beyond the guidelines by relying on the factors for calculating offense severity under the guidelines." Kell v. United States Parole Comm'n, 26 F.3d 1016, 1020 (10th Cir.1994).
 
 
 10
 Here, the Commission calculated a severity rating of seven based on DiCaro's involvement in multiple (more than four) separate armed robberies and burglaries. Appellant's App. at 21, 26. In justifying its decision to go above the guideline range, the Commission relied on DiCaro's involvement in "a sophisticated criminal enterprise," as "the leader and planner" of a significant number of armed robberies and burglaries, ongoing for more than fifteen years, and representing in excess of $4,000,000. Id. at 22. The Commission also noted that he continued his criminal behavior even while released pending appeal. Id.
 
 
 11
 We determine that the Commission did not rely on DiCaro's multiple offenses to justify its above the guideline decision, but instead relied on the pattern, repetition, and nature of his behavior. See Kell, 26 F.3d at 1020; Allen v. Hadden, 738 F.2d 1102, 1104-05 (10th Cir.1984)(holding that the obvious relationship between the factors does not mean they are the same). Consequently, the Commission did not engage in impermissible double counting.
 
 
 12
 Lastly, DiCaro asserts that the Commission abused its discretion by considering his alleged involvement in the attempted murder of a witness to aggravate his guideline range. It appears that the attempted murder charge was a predicate offense tried as part of DiCaro's 1973 prosecution on racketeering charges. Appellant's App. at 57-58. On appeal, the court reversed the racketeering conviction because of a technical matter, but in so doing, failed to address the attempted murder charge. In its hearing summary, the Commission declined to make an independent finding on the attempted murder charge, but considered affidavits of the intended victim and witnesses alleging that DiCaro was not involved in the attempted murder. Id. at 21-22.
 
 
 13
 The Commission is authorized to deny release on parole notwithstanding the guidelines if it determines that there is "good cause" for so doing. 18 U.S.C. 4206(c). The statute's legislative history suggests that "good cause" is established if the Commission finds, for example, that the inmate " 'was involved in an offense with an unusual degree of sophistication or planning, or has a lengthy prior record, or was part of a large scale conspiracy or continuing criminal enterprise.' " Nunez-Guardado, 722 F.2d at 623 (quoting H.R. Conf. Rep. No. 94-838, 94th Cong., 2d Sess. 27 (1976), reprinted in 1976 U.S.C.C.A.N. 335, 359). In going outside the guidelines for good cause, the Commission must provide the inmate with "written notice stating with particularity the reasons for its determination, including a summary of the information relied upon." 18 U.S.C. 4206(c).
 
 
 14
 In its parole hearing summary, the Commission stated that a parole recommendation above the guidelines was justified because of DiCaro's "history of repetitive sophisticated large scale criminal behavior that was ongoing for more than 15 years." Appellant's App. at 22. The Commission found that DiCaro's criminal behavior included "committing armed robberies/burglaries in which alarms were circumvented, persons detained and many codefendant[s] were involved and [DiCaro was] one of the most culpable in the planning and organization of these crimes. The crimes were planned to obtain several million dollars in property." Id. at 26. The reasons stated do not include the attempted murder charge.
 
 
 15
 In a letter from the regional chairman of the Commission to Representative William O. Lipinski, apparently in response to an inquiry regarding DiCaro's parole status, the chairman stated that "[DiCaro] was subsequently released on appeal bond from this sentencing and committed new criminal conduct to include his involvement in attempted murder, four armed robberies, and two thefts." Id. at 36. DiCaro contends that this reference to the attempted murder charge indicates the Commission improperly considered the charge in aggravating his guideline range.
 
 
 16
 However, we hold that the Commission provided sufficient and specific written reasons for its decision to set a parole date outside the guidelines, not including the attempted murder charge. Therefore, DiCaro's attempt to link the chairman's letter to the Commission's decision fails.
 
 
 17
 In conclusion, after careful consideration of the parties' briefs and the appellate record, we determine that there is a " 'rational basis in the record for the Commission's conclusions embodied in its statement of reasons,' " Misasi, 835 F.2d at 758 (quoting Solomon, 676 F.2d at 290), and that DiCaro failed to establish that the Commission's decision was arbitrary and capricious or an abuse of discretion.
 
 
 18
 Therefore, the judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 **
 Honorable Joseph F. Weis, Jr., Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 18 U.S.C. 4201-18 were repealed effective November 1, 1987, Pub.L. No. 98-473, 98 Stat.2027 (1984) as amended Pub.L. 99-217, 99 Stat. 1728 (1985), but continue in effect for ten years after effective date for those persons, like DiCaro, who have been convicted of an offense committed before the effective date, Pub.L. No. 101-650, 104 Stat. 5115 (1990)
 
 
 [3]
 Pursuant to 2.63(a), "[t]he Commission may consider as a factor in the parole release decision-making a prisoner's assistance to law enforcement authorities in the prosecution of other offenders."