**ARIAS, Rene, Appellant,**

v.

**The UNITED STATES PAROLE COMMISSION Warden, U. S. Penitentiary, Lewisburg, Pa., Appellees.**

No. 80–2294.

United States Court of Appeals, Third Circuit.

Argued March 24, 1981.

Decided May 7, 1981.

J. Jeffrey Weisenfeld, New York City (argued), for appellant.

Frederick E. Martin, Asst. U. S. Atty. (argued), Carlon M. O'Malley, Jr., U. S. Atty., Lewisburg, Pa., for appellee.

Before HUNTER, SLOVITER and WISDOM,* Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge.

Appellant, Rene Arias, appeals from a final judgment of the United States District Court for the Middle District of Pennsylvania granting in part, and denying in part, his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1976). Appellant claims that appellee, United States Parole Commission ("Commission"), denied his parole improperly and deprived him of due process of law by going outside of its guidelines in setting a release date, and by relying upon a presentence report concerning a separate unadjudicated criminal offense. Appellees, while agreeing with the judgment of the lower court, argue that the court lacked jurisdiction to entertain appellant's petition because of his failure to exhaust available administrative remedies. We agree that the district court acted prematurely on appellant's petition but find that subsequent administrative action by the Commission has remedied the district court's error. Because we also find that the Commission neither deprived appellant of due process, nor improperly denied his parole, we will affirm.

## I.

Appellant entered a plea of guilty on February 9, 1977, in the United States District Court for the Eastern District of New York for delivering heroin in a package not bearing proper tax stamps in violation of 26 U.S.C. § 4704(a) (repealed 1971). He entered the plea pursuant to an agreement by which the government would dismiss a pending indictment charging him with conspiracy to import, and importation of narcotics. On April 1, 1977, he was sentenced to a term of imprisonment of eight years and fined twenty thousand dollars. The government subsequently dismissed the pending narcotics indictment.

Arias appeared for an initial parole hearing before a panel of Commission examiners on June 5, 1979. The panel rated appellant's offense as "Greatest I" because of the amount and value of the heroin involved. It assigned Arias a "salient factor score" of five based upon their judgment that there was a "fair" risk that he would violate parole.[1] The Commission's guidelines for such an individual recommend a period of confinement of sixty-four to seventy-eight months, and the panel concluded that "[a]fter review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted." *Appendix for Appellant* at 31a. Accordingly, the panel recommended that parole be denied. The regional office adopted this recommendation and informed appellant on June 20, 1979, that he was to be held to the expiration of his term of imprisonment. Arias appealed to the regional commissioner pursuant to 18 U.S.C. § 4215(a) (1976). The commissioner affirmed the decision on August 9, 1979.

Arias then appealed the regional commissioner's decision to the Commission's National Appeals Board pursuant to 18 U.S.C. § 4215(b) (1976). Appellant claimed that his salient factor score had been miscalculated and also that the severity of his offense had been evaluated improperly be-

---

* Honorable John M. Wisdom, United States Circuit Judge for the Fifth Circuit, sitting by designation.

1. The Commission has established guidelines for parole decisionmaking which are set out at 28 C.F.R. § 2.20 (1980). The guidelines indicate the customary range of time to be served before a prisoner's release and are computed on the basis of two variables: 1) severity of the offense; and 2) the salient factor score which makes a prognosis as to an offender's risk of parole violation. The regulations provide that the guidelines are just that and if "the circumstances warrant, decisions outside of the guidelines (either above or below) may be rendered." 28 C.F.R. § 2.20(c) (1980). *See* Hoffman and Stover, *Reform in the Determination of Prison Terms: Equity, Determinacy, and the Parole Release Function*, 7 Hofstra L.Rev. 89, 101–08 (1978).

cause of the Commission's reliance upon statements in his presentence report concerning offenses relating to the dismissed indictment, and not the offense forming the basis of his guilty plea. The Appeals Board accepted appellant's first argument and raised his salient factor score from five to ten, but declined to adjust the severity of his offense. The adjusted salient factor score placed Arias in a different range under the Commission's guidelines—forty to fifty-two months, instead of sixty-four to seventy-eight as previously determined. Nonetheless, on January 3, 1980 the Appeals Board recommended that Arias be imprisoned for his full eight year term because of the large amount of heroin involved in his offense.

Appellant, believing that he had exhausted available administrative remedies, filed a petition for writ of habeas corpus in the Middle District of Pennsylvania on May 1, 1980. Appellees answered the petition by arguing for dismissal because the Commission had reopened Arias' case to consider his claim that the parole authorities had considered criminal acts unrelated to his conviction. The district court scheduled a hearing for June 12, 1980, but at that hearing the Commission failed to consider any of the new information raised in Arias' petition. The Commission once more informed appellant that he was to be held until the expiration of his term, basing its decision on information in the disputed presentence report.

Appellant's counsel informed the district court on June 13, 1980 of the events that had transpired at the June 12 hearing. The Commission responded, stating that it continued Arias' case until August, 1980 in order to obtain new information concerning the presentence report. The Commission argued that appellant's petition for a writ of habeas corpus should be dismissed pending exhaustion of administrative remedies.

In an order and opinion of July 28, 1980, the district court declined to dismiss appellant's petition on exhaustion grounds and reached the merits of his claim. The court granted Arias' writ to the extent that it ordered the Commission to grant Arias a new initial parole hearing on its August, 1980 docket. The court held that the Commission could consider Arias' presentence report when determining the severity of his offense pursuant to 28 C.F.R. § 2.20 (1980). It admonished the Commission, however, that a decision to detain appellant for a term beyond that suggested by the guidelines could not be based solely on the amount of heroin involved in his offense. This appeal followed.[2]

## II.

The threshold question in this appeal is whether the district court should have dismissed appellant's petition for writ of habeas corpus because of his failure to exhaust administrative remedies. The Commission argues that the district court should have stayed consideration of Arias' petition pending completion of the parole hearing scheduled for August, 1980. While we agree that the district court erred in reaching the mer-

**2.** Appellant filed a notice of appeal on August 8, 1980. Although not a part of the record for purposes of this appeal, the parties have informed the court that the Parole Commission did conduct a new hearing in August, 1980. On September 4, 1980, it informed appellant that he was to remain incarcerated for his entire eight year term despite the guidelines indicating a sentence in the range of forty to fifty-two months for an offender with his salient factor score and offense severity rating. The Commission concluded:

After review of all relevant factors and information presented, a decision above the guidelines appears warranted because you are a poorer risk than indicated by your salient factor score in that: you have had an on-going involvement in heroin trafficking from April 1971 to August 1974, as indicated by your conviction for distribution of heroin in April 1971, and your involvement in the procurement of the heroin described in the offense behavior above in October 1972 and from about April 1974 to August 1974; you eluded arrest by drug enforcement agents from August 1974 to December 1976; your prior criminal record not considered in computing your salient factor score shows eleven arrests from 1943 to 1971, two convictions in 1945 and 1947, and a parole revocation in 1949. Your new criminal conduct shows a reversion to your previous criminal nature. *Appendix for Appellant* at 47a–48a.

its of Arias' petition during the pendency of administrative proceedings, subsequent administrative action by the Commission has rendered any error harmless.

A federal prisoner ordinarily may not challenge a parole decision until he has exhausted all available administrative remedies. *United States ex rel. Caruso v. United States Board of Parole*, 570 F.2d 1150, 1152 (3d Cir.) *cert. denied*, 436 U.S. 911, 98 S.Ct. 2249, 56 L.Ed.2d 411 (1978); *United States ex rel. Sanders v. Arnold*, 535 F.2d 848, 850 (3d Cir. 1976). We have adhered to the exhaustion doctrine for several reasons:

(1) judicial review may be facilitated by allowing the appropriate agency to develop a factual record and apply its expertise, (2) judicial time may be conserved because the agency might grant the relief sought, and (3) administrative autonomy requires that an agency be given an opportunity to correct its own errors.

*United States ex rel. Marrero v. Warden, Lewisburg Penitentiary*, 483 F.2d 656, 659 (3d Cir. 1973), *rev'd on other grounds*, 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974). *See also Sanders*, 535 F.2d at 853 (Adams, J., dissenting). In this case it is clear that the district court acted before the Commission had an opportunity to correct its own errors; indeed, the Commission had reopened Arias' case for that express purpose. Accordingly, the district court acted on appellant's petition prematurely.[3]

Although we conclude that the district court should have dismissed appellant's petition on exhaustion grounds, subsequent proceedings of the Commission have mooted any error by the district court. The Commission held a new parole hearing in August, 1980 and once again refused to release appellant prior to the expiration of his term of imprisonment. *See* note 2 *supra*.[4] It would appear, therefore, that the proceedings that should have been completed prior to the district court's review of appellant's petition have now been completed. Thus, the prematurity of the district court's action is no longer of any significance. *See Caruso*, 570 F.2d at 1152–53.

### III.

The gravamen of appellant's substantive claim is that the Commission's decision to deny parole deprived him of due process of law and violated the Commission's rules since it was based in part upon a presentence report relating to acts underlying the dismissed indictment, and not the offense for which he was convicted.[5] Because we find our recent decision in *United States ex rel. Goldberg v. Warden, Allenwood Federal Prison Camp*, 622 F.2d 60 (3d Cir.), *cert. denied*, —— U.S. ——, 101 S.Ct. 210, 66 L.Ed.2d 91 (1980), to be controlling, we hold that appellant's claim is without merit.

In *Goldberg*, this court decided the question of whether the Commission could consider a presentence report containing information relating to dismissed counts of an indictment. Holding that the Commission possesses broad discretion to review materi-

---

3. Our holding that the district court should have dismissed appellant's petition is dependent upon our conclusion that the Commission made a good faith decision to reopen the case pursuant to 28 C.F.R. § 2.28(a) (1980). Had appellant alleged and proven bad faith on the part of the Commission, we would have been inclined to find that all administrative remedies had been exhausted inasmuch as the Commission's regulations deem a decision of the National Appeals Board to be final and, consequently, administratively unappealable. 28 C.F.R. § 2.26(c) (1980).

4. Although the decision rendered by the Commission in the August, 1980 hearing is not a part of the record below, both appellant and appellees have informed us of the outcome, and appellant has provided a copy of the decision

(which appellees quote verbatim in their brief). Because counsel for both sides agree upon the content of the Commission's decision, we may consider it in this appeal. *See Braden v. University of Pittsburgh*, 477 F.2d 1, 6 (3d Cir. 1973).

5. Appellant also contends that the Commission misread the presentence report as indicating that he had pled guilty to conspiracy and narcotics importation charges which, in fact, had been part of the dismissed indictment. While the initial decision of the Commission may have been based in part on this erroneous assumption, subsequent Commission action clearly treated the conspiracy and importation charges as unadjudicated offenses.

al that would assist its determination whether to release a prisoner on parole, Judge Weis observed:

> In the parole context, Congress has authorized the Commission to view presentence reports, 18 U.S.C. § 4207(3) (1976), despite the knowledge that 'there are no formal limitations on their contents, and they may rest on hearsay and contain information bearing no relation whatsoever to the crime with which the defendant is charged.' *Gregg v. United States*, 394 U.S. 489, 492, 89 S.Ct. 1134, 1136, 22 L.Ed.2d 442 (1969). Thus, in *Billiteri v. United States Board of Parole*, 541 F.2d 938, 944 (2nd Cir. 1976), a pre-PRCA case, the court reasoned that if the sentencing judge may take into account offenses other than the ones for which defendant was convicted, the Parole Board may use a presentence report to arrive at a severity rating. Similarly, in *Zannino v. Arnold*, 531 F.2d 687 (3d Cir. 1976), another pre-PRCA case, we held that reports linking a prisoner to large-scale organized criminal activity provided a sufficient basis for a Board determination to deny parole. Nothing in the new Act or its legislative history, curtails what could have been considered by the old Parole Board.

*Id.* at 64. (footnote omitted).[6]

■ Appellant contends that *Goldberg* is distinguishable because in that case the Commission considered different counts of the same indictment leading to the defendant's guilty plea whereas, in the instant case, appellant pleaded guilty to a separate accusation. We decline to read *Goldberg* so narrowly; the clear holding of the case is that the Commission has broad power to consider things other than the conviction when making its parole decision. *Goldberg* recognized that the Commission, like a sentencing judge, "is not limited to a consideration of only that criminal conduct of the defendant which related to the offense for

which he was convicted." *Billiteri v. United States Board of Parole*, 541 F.2d 938, 944 (2nd Cir. 1976). *See also Christopher v. United States Board of Parole*, 589 F.2d 924, 932 (7th Cir. 1978) ("Paroling authorities are not limited to consideration of formally adjudicated crimes in determining the likelihood of a prisoner's success, if released on parole."). Accordingly, the Commission acted neither improperly nor unconstitutionally when it examined appellant's presentence report which included information relating to a separate, dismissed indictment.[7]

Appellant also seeks to distinguish *Goldberg* on the ground that a recently revised Commission regulation precludes consideration of a separate indictment. Appellant claims that the background material accompanying the Commission's 1979 amendment of 28 C.F.R. § 2.19 evinces a desire to limit the Board's inquiry to the "actual criminal transaction underlying the conviction." *See* 44 Fed.Reg. 26,549 (1979). This contention misreads both the regulation and the explanatory statements accompanying the 1979 revision. Moreover, another section of the same regulation expressly provides:

> (a) In making a determination under this chapter (relating to release on parole) the Commission shall consider, if available and relevant:
>
> .     .     .     .     .
>
>     (3) Pre-sentence investigation reports;

28 C.F.R. § 2.19(a)(3) (1980).

Therefore the Commission has not contravened its regulations in this case.

■ Finally, appellant argues that because the initial panel of Commission examiners had stated that a parole decision outside of the guidelines was not warranted, the National Appeals Board could not, after raising his salient factor score, enter a decision above the guidelines. We find this

---

6. The current Parole Commission was created pursuant to the Parole Commission and Reorganization Act of 1976, 18 U.S.C. §§ 4201–4218 (1976).

7. Moreover, we are not convinced that the activities underlying the dismissed indictment can

be considered distinct from the offense to which appellant pled guilty. As the district court observed, the sentencing judge recognized the close connection between the two sets of charges.

argument unpersuasive. The initial decision not to commute a guideline sentence of sixty-four to seventy-eight months did not preclude a subsequent appellate administrative decision not to release appellant within the recalculated guideline of forty to forty-two months. Indeed, the decisions are entirely consistent—in each instance the Commission decided that Arias would serve his judicially determined sentence of eight years. The initial panel decision not to recommend a decision outside of the guidelines is attributable to the fact that Arias' mandatory release date was within the guideline period—therefore "the panel had no occasion to consider whether a decision outside the guidelines was appropriate." *Arias v. United States Parole Commission,* No. 80–0471, slip op. at 3 (M.D.Pa. July 28, 1980). Consequently, the Commission's subsequent decision to go above the guidelines cannot be considered unfair or unconstitutional.

### IV.

Accordingly, the judgment of the district court will be affirmed.