762 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LEROY HENRY KINEBREW, PETITIONER-APPELLANT,
v.
BILL STOREY, UNITED STATES PAROLE COMMISSION, RESPONDENTS-APPELLEES.
 NO. 84-5616
 United States Court of Appeals, Sixth Circuit.
 3/26/85
 
 On Appeal from the United States District Court for the Eastern District of Kentucky
 Before: Keith and Martin, Circuit Judges, and Porter.*
 PER CURIAM.
 
 
 1
 Petitioner, an inmate serving a seven year prison term on a conviction of unlawfully possessing a postal service key in violation of 18 U.S.C. Sec. 1704, appeals from a district court order dismissing his motion for an order to show cause and contempt citation against the United States Parole Commission. Prior to the ruling giving rise to this appeal, United States Magistrate Hood had granted petitioner a writ of habeas corpus and ordered the Commission to give him a new parole hearing in which a factually erroneous portion of petitioner's presentence report was not to be considered. After the new hearing, petitioner contended that, in violation of the magistrate's order, the Commission had again used the erroneous presentence information as the basis for its denial of parole. Petitioner moved for an order to show cause why the Commission should not be held in contempt for failure to comply with the magistrate's directive. Magistrate Hood concluded that since no reference to the erroneous order was made in the hearing summary, the Commission had complied with his directive. Petitioner appeals from that order.
 
 
 2
 Petitioner requests this Court to either discharge him from custody or remand this cause for the magistrate to redetermine whether the Commission complied with his order. We find no basis to review the magistrate's ruling and no abuse of discretion in the underlying parole determination by the Commission which would warrant the actions requested by petitioner. In our view, an order or judgment of a court acting within its jurisdiction punishing or declining to punish a party for contempt of its authority cannot be reviewed or annulled by another court. See Ex parte Bollman, 8 U.S. 75, 93 (1807).
 
 
 3
 Petitioner also fails to show that the Commission abused its discretion by excluding only the factually erroneous references in petitioner's presentence investigation report from its second determination of his parole status, but including circumstantial evidence indirectly related to the excised material. The Commission possesses broad discretion to review information which would assist in its determination of whether to release a prisoner on parole. Goldberg v. Warden, Allenwood Federal Prison Camp, 622 F.2d 60, 64 (3d Cir.), cert. denied, 449 U.S. 871 (1980). The Commission is empowered under 18 U.S.C. Sec. 4207(3) (1976) to consider presentence reports to determine severity ratings despite the lack of formal limitations on their contents. Gregg v. United States, 394 U.S. 489, 492 (1969). The Commission may rely on information derived from hearsay, other convictions, offenses not formally adjudicated, and circumstances linking a prisoner to a larger conspiracy. See Arias v. United States Parole Commission, 648 F.2d 196, 200 (3d Cir. 1981); Goldberg, 622 F.2d at 64. As the information considered by the Commission during petitioner's second hearing was neither factually erroneous nor irrationally based, no abuse of discretion by the Commission warrants review by this Court. See Bialkin v. Baer, 719 F.2d 590, 593 (2d Cir. 1983).
 
 
 4
 Accordingly, the judgment below is affirmed.
 
 
 
 *
 Hon. David S. Porter, United States District Court, Southern District of Ohio, sitting by designation