Philip WEINSTEIN,
Petitioner–Appellant,

v.

UNITED STATES PAROLE COMMIS-
SION, Harvey Cox, Warden,
Respondents–Appellees.

No. 89–55872.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 1990.*

Decided May 11, 1990.

Philip Weinstein, San Diego, Cal., in pro
per.

* The panel finds this case appropriate for submis-
sion without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

**1452**

Alka Sagar, Asst. U.S. Atty., Los Angeles, Cal., for respondents-appellees.

Before HUG, SCHROEDER and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Philip Weinstein ("Weinstein") appeals pro se the district court's dismissal of his second petition for habeas corpus relief from the Parole Commission's decision to deny parole. Weinstein contends that the district court erred in finding that he had failed to exhaust his administrative remedies. In addition, Weinstein asks us to find as a matter of law that (1) the Parole Commission's decision to reopen his case following his successful habeas corpus petition violated 28 C.F.R. § 2.28 because there was no "new information" to consider; and (2) that the Parole Commission's decision to set a release date outside of the guideline range, based on Weinstein's role as a leader in the criminal activity, violated due process by raising a question of vindictiveness.

The district court had jurisdiction pursuant to 28 U.S.C. § 2241 to review a claim by a federal prisoner challenging a decision of the United States Parole Commission. This panel has jurisdiction pursuant to 28 U.S.C. § 1291 providing jurisdiction of appeals from final decisions of the district court. We reverse and remand.

I

Weinstein was convicted on February 18, 1983 on six counts of mail and wire fraud and one count of racketeering for his participation in a scheme involving acquisition of pharmaceuticals for charitable purposes which were diverted into the U.S. domestic market through national wholesalers. He began serving a six year sentence on April 1, 1986. On September 3, 1987, Weinstein's initial parole hearing was held. Examiners reviewed the presentence report and determined that Weinstein and his co-defendants had profited by more than $500,000. Based on this criteria, the examiners rated his offense severity as category six. That combined with his salient factor of 10 established a parole guideline range of 40–52 months.[1] Because his mandatory release date of 48 months[2] fell within the guidelines, the examiners denied parole. The Regional Commissioner confirmed the decision by notice of action on September 17, 1987. Weinstein appealed to the National Appeals Board of the Parole Commission ("NAB") on the grounds that the correct criteria to determine value was "loss to the victim" not "profits of the perpetrators". The NAB affirmed the prior action and Weinstein was informed of this decision by a notice of action on appeal, dated January 29, 1988.

On May 6, 1988, Weinstein filed his first petition for writ of habeas corpus for relief from the parole decision on the grounds that the Parole Commission, in determining the category six offense severity rating, used "profits gained" to determine value where the regulations require "loss to victim" as the proper criteria. On February 10, 1989, the district court ordered the Parole Commission to conduct further administrative proceedings consistent with a "replacement cost to the victim" standard.

On March 14, 1989 the National Appeals Board, in compliance with the district court order, reviewed Weinstein's case and reduced his offense severity rating from category six to category five. The new guideline range was 24–36 months. Based on Weinstein's leadership role, the Board determined to go outside the guidelines to reaffirm its prior decision and to deny parole. Petitioner was notified of this deci-

---

**1.** Severity factor refers to the severity of the offensive behavior. Salient factor rates the offender's characteristics and the prognosis for parole. The two ratings are used with a grid to give a suggested period of imprisonment. 28 C.F.R. § 2.20.

**2.** A prisoner who has obeyed the rules and not been punished during incarceration is entitled to deduct a prescribed number of days from his sentence—a certain number of days per month depending on the total time of the sentence. 18 U.S.C. § 4161.

sion by a notice of action on appeal dated March 14, 1989.

Pursuant to former 18 U.S.C. § 4208, an interim hearing is scheduled for any case in which release on parole is not granted at the initial hearing and the sentence term is less than seven years. Such interim hearing is to be scheduled within 18 months from the initial hearing. Weinstein's interim parole hearing was scheduled for March 14, 1989. The revised March 14th decision of the NAB, denying parole, was faxed from Chevy Chase, Maryland to Lompoc, California where the parole examiners for the interim hearing were meeting on that date. Relying on the NAB decision, the examiners recommended continuation to the expiration of Weinstein's 48 month term. The Western Regional Parole Commission affirmed on March 23, 1989. Weinstein then wrote to the Parole Commission and received a response letter stating that he could appeal this decision to the NAB. He did not file an appeal.

On April 19, 1989, Weinstein filed a second petition for writ of habeas corpus challenging the NAB's decision of March 14, 1989 to go outside the guidelines and deny parole. On July 27, 1989, the district court issued its order denying Weinstein's petition on the grounds that he had failed to exhaust his administrative remedies. Judge Davies did not reach the merits of Weinstein's claims. Weinstein now seeks reversal of that order.

## II

We review de novo the district court's denial of a petition for writ of habeas corpus. *United States v. Popoola*, 881 F.2d 811, 812 (9th Cir.1989).

## A

Judicial review of a decision of the Parole Commission is available under 28 U.S.C. § 2241 only after administrative remedies have been exhausted. *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir.1983). The administrative remedies, as set forth in 28 C.F.R. § 2.26, provide for appeal to the NAB.[3] Decisions of the National Appeals Board are final for purposes of judicial review. 28 C.F.R. § 2.26(c).

The government offers two arguments to support its contention that Weinstein has not exhausted his administrative remedies: (1) that the March 14, 1989 decision of the NAB and the March 14, 1989 hearing of the local Parole Commission are inseparable for exhaustion purposes, and (2) since the Parole Commission's March 14th decision at the interim hearing was based on the revised ruling of the NAB, decided the previous day, the Parole Commission's March 14th decision must be appealed before the NAB's revised decision will be final.

The government's reasoning is not logical. The subject of this action is the decision of the NAB to depart from the guidelines after lowering the severity rating. The higher severity rating was originally determined at the initial parole hearing on September 3, 1987 and affirmed by the NAB. Weinstein sought relief from that decision by filing his first habeas corpus petition. The district court ordered the NAB to review its decision, after which review (in which it lowered the severity rating but determined to depart from the guidelines to confirm its original decision to deny parole), its revised decision became final. Weinstein now appeals that revised decision of the NAB. The fact that Weinstein's interim hearing pursuant to 18 U.S.C. § 4208(h) was scheduled during the time frame of the appellate process does not make the two actions inseparable. The interim hearing was mandated by statute and would have been held regardless of the status of the appellate proceedings. The proximity of the dates was purely coincidental.

---

3. As authorized by 18 U.S.C. § 4203, the U.S. Parole Commission has established administrative procedures by which inmates can seek review of parole decisions. After a parole hearing, the panel's recommendation is reviewed by the Regional Commissioner. The recommendation becomes effective when the Regional Commissioner approves and dockets the recommendation. 28 C.F.R. § 2.23(d). Prisoners may then file an appeal with the National Appeals Board of the U.S. Parole Commission. 28 C.F.R. § 2.26.

A similar situation arose in *Cruz v. Clark*, 684 F.Supp. 1335 (E.D.Va.1988) where the defendant raised an *ex post facto* issue to the NAB on appeal of his initial parole determination. The NAB affirmed the Parole Commission's initial decision. In a subsequent statutory interim hearing the Parole Commission recommended no change and advised defendant of his right to appeal to the NAB. When defendant filed a petition for a writ of habeas corpus based on the *ex post facto* claim, the government argued that defendant had not exhausted his administrative remedies because he had not appealed the interim hearing decision. The district court, in finding that the defendant had exhausted his administrative remedies, stated:

His failure to later appeal the decision rendered at his statutory interim hearing does not present a bar to this case as the Commission had already been presented with the *ex post facto* claim. Granting judgment to the respondents on the grounds that petitioner's failure to reassert his claim after each parole hearing would result in a triumph of form over substance. The exhaustion requirement clearly does not call for such a result.

*Id.* at 1337. We agree with that court's reasoning.

■ In the instant case, the issue on appeal is the departure from the guidelines, which has already been affirmed (in fact initiated) by the NAB. Weinstein's failure to appeal the later decision to deny him parole made at his statutory interim hearing does not present a bar to this action. Although the Parole Commission's decision at the statutory interim hearing was based on the NAB decision to deny parole due to aggravating circumstances, Weinstein chose to appeal the final NAB decision and not to appeal the Parole Commission's decision. Presumably, if we were to reverse the March 14, 1989 NAB decision, the Parole Commissioners would have to conduct a new interim hearing. This does not make the two hearings inseparable. There would have been little sense in appealing to the NAB the Parole Commission's decision to depart upward, since the Parole Commission was already following the NAB deci-

sion when it so ruled. We find that Weinstein has exhausted his administrative remedies.

**B**

■ Weinstein asks us to find that the NAB's decision to reopen his case on March 24, 1989, following the district court's order to conduct further administrative proceedings, violated 28 C.F.R. § 2.28. We do not agree. This court has authority to review Weinstein's claim of regulatory violation by the Parole Commission. *Wallace v. Christensen*, 802 F.2d 1539 (9th Cir.1986). "Specifically, the court's inquiry [should be] addressed to whether the Parole Commission's decision involves the exercise of judgment among a range of possible choices or options, or involves a plain violation of a matter which does not admit of discretion and choice." *Id.* at 1552.

The regulation for reopening cases states that the Regional Parole Commissioner, upon receipt of new and significant adverse information, may refer a case to the National Parole Commissioner to schedule a special reconsideration hearing. 28 C.F.R. § 2.28(f). Weinstein argues that the Parole Commission did not have authority to reopen the case because it received no new information. The government argues that the court's decision on the first petition for writ of habeas corpus and its subsequent order constituted new information which allowed (in fact, required) the initial hearing to be reopened and all information reconsidered.

This court has defined "new information" as information not before the Parole Commission at the initial hearing and, therefore not considered. *Williams v. United States Parole Commission*, 707 F.2d 1060 (9th Cir.1983) (report of sentencing judge sent to the Parole Commission after the initial hearing constituted new information) and *Torres–Macias v. United States Parole Commission*, 730 F.2d 1214 (9th Cir.1984) (information requested by the Parole Commission from the DEA, just prior to prisoner's release, constituted new information). Using the *Williams* and

*Torres–Macias* definition, the information used by the Parole Commission in the instant case is not new. The determination to go outside the reduced guidelines was based upon information contained in the presentence report, namely, Weinstein's leadership role and the nature of the offense. Not only was it in existence at the time of the original hearing, but it was also considered by the commissioners at that time. The Initial Hearing Summary states that the "panel has reviewed the material contained in the presentence report and the Form USA–792 and the statements made by subject". No new documents came to light following the initial hearing and prior to reopening.

■ A determination that the Parole Commission had no new information to consider at the rehearing on Weinstein's severity factor rating is not, however, dispositive of the issue in this case. In both *Williams* and in *Torres–Macias* the decision to reopen the parole hearing was made by the Parole Commission based on new information it had received subsequent to the initial parole hearing. The regulation states that in order for the Parole Commissioners to schedule a hearing in order to reconsider the sentence, they must have received new adverse information.[4] The regulation does not apply to this case because the Parole Commissioners did not decide to schedule the rehearing. Clearly, the Parole Commission had to reopen the case to reconsider petitioner's severity rating because it was ordered to do so by the district court.

More closely on point with the facts of the instant case are a line of cases in which the rehearing on the Parole Commission's decision was ordered by the court. These cases focus on the consistency of the sentence and do not refer to the regulation requiring new information in order to open a rehearing.

In *Arias v. United States Parole Commission,* 648 F.2d 196 (3rd Cir.1981), Arias' mandatory release date for an eight year sentence on drug charges fell within the guidelines established in the initial hearing, namely, 64–78 months. On appeal the National Parole Commissioners recalculated Arias' salient factor score from 5 to 10, which adjusted the guidelines down to 40–52 months. Nevertheless, the NAB recommended that Arias serve his full term, which was outside the new guidelines. On appeal from the petition for writ of habeas corpus the court upheld the NAB's determination to go outside the guidelines and reasoned:

> The initial decision not to commute a guideline sentence of sixty-four to seventy-eight months did not preclude a subsequent appellate administrative decision not to release appellant within the recalculated guideline of forty to fifty-two months. Indeed, the decisions are entirely consistent—in each instance the Commission decided that Arias would serve his judicially determined sentence of eight years. The initial panel decision not to recommend a decision outside of the guidelines is attributable to the fact that Arias' mandatory release date was within the guideline period—therefore the panel had no occasion to consider whether a decision outside the guidelines was appropriate.

*Id.* at 201. *See also Bialkin v. Baer,* 719 F.2d 590 (2nd Cir.1983) (after a court ordered rehearing, the Parole Commission reduced the guideline range and then exceeded the guidelines based on defendant's numerous convictions).

The facts in the instant case are very similar to *Arias.* At both the initial hearing and the rehearing the NAB determined that Weinstein should serve his full sentence. The mandatory release date fell within the guidelines set at the initial hearing, thus there was no need to consider going outside of them. After the revised severity rating reduced the guidelines, confirmation of the initial decision that Weinstein should serve his full sentence necessitated departure from the guidelines.

---

**4.** 28 C.F.R. § 2.28(f) states, "Upon receipt of new and significant adverse information … a Commissioner may refer the case to the National Commissioners with his recommendation and vote to schedule the case for a special reconsideration hearing."

It would strain the language of section 2.28 to characterize a confirmation of the original sentence, after the district court ordered a rehearing, as a Parole Commissioner initiated reconsideration dependent for validation upon the use of new information. It would also be inconsistent with the stated intent of the parole guidelines to interpret the regulation to require that if the Parole Commission revises the guidelines downward, it can no longer require the prisoner to serve his full sentence.[5] The cases cited herein, that focus on the "new information" question, all have two facts in common, namely, the hearing was reopened by the decision of the Parole Commissioners and the original sentence was increased.

In the instant case, since the district court ordered the rehearing and there was no increase to the sentence, the "new information" regulation does not apply. Rather, the *Arias* line of cases are applicable. We thus find that the NAB's original and subsequent determinations that Weinstein should serve his full term are consistent and 28 C.F.R. § 2.28 does not apply.

### C

Weinstein asserts that the Parole Commission's decision to set his release date outside the guidelines, after he had successfully filed a petition for writ of habeas corpus contesting the Parole Commission's application of its guidelines, creates the appearance of vindictiveness in violation of the due process clause of the Fifth Amendment. We have jurisdiction to consider whether the Parole Commission violated the Constitution. *Wallace*, 802 F.2d at 1552.

We remand for the district court to determine if the Parole Commission's decision to go outside the guidelines was based on a vindictive motive and was intended to punish Weinstein for successfully contest-

ing their original determination of the severity factor.

REVERSED AND REMANDED.

---

5. The stated purpose of the guidelines is "to establish a national parole policy ... [to] enable fairer and more equitable decision-making *with-* *out* removing individual case consideration...." 28 C.F.R. § 2.20(a) (emphasis added).