968 F.2d 1218
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Talmon HEGWOOD, Jr., Plaintiff/Appellant,
v.
Larry RODGERS, Tony McWhorter, Suzette Nathaniel, et. al.,
Defendants/Appellees.
 No. 91-2053.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 13, 1992.*
Decided July 22, 1992.
 
 Before CUDAHY, and COFFEY, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Talmon Hegwood, a federal prisoner, brings a hybrid civil rights/habeas corpus suit, see 28 U.S.C. § 1983; Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), which the district court dismissed. We affirm the dismissal of the habeas corpus action and dismiss the civil rights action.
 
 I. FACTS
 
 2
 On March 28, 1991, Hegwood filed a petition for a writ of habeas corpus in federal district court. He claimed that Federal Marshall Daniel Fugette broke into his apartment, where he physically abused Hegwood then arrested him without a warrant. Hegwood also alleged that he had served two-thirds of his seventeen-year prison term and was subject to mandatory release.
 
 
 3
 The mandatory release issue was the subject of an earlier administrative remedy request, which Hegwood filed with the prison warden. On April 8, 1991, the warden denied the request and informed Hegwood of his right to an administrative appeal. Hegwood did not pursue an administrative appeal until April 15, 1990, over two weeks after he filed his habeas corpus petition.
 
 
 4
 Because Hegwood's appeal was still pending, the district court dismissed his mandatory release claims for a failure to exhaust administrative remedies. The court then noted that the claims against Marshall Fugette, which Hegwood labeled habeas claims, were actually constitutional tort actions under Bivens, 403 U.S. 388. The court dismissed these claims without prejudice, allowing Hegwood to refile a Bivens complaint. Hegwood has since filed such a complaint (No. 91-C-2653).
 
 II. ANALYSIS
 
 5
 We find no merit to Hegwood's claims. His civil rights claims are moot because "the issues presented are no longer live [and] the parties lack a legally cognizable interest in the outcome." Wisconsin Winnebago Business Comm. v. Koberstein, 762 F.2d 613, 621 (7th Cir.1985). Hegwood would not benefit from a reversal of his civil rights claims because he has refiled the same claims in a Bivens-style complaint. No plaintiff needs two identical cases pending before the same court.
 
 
 6
 The district court dismissed Hegwood's habeas corpus claims because Hegwood failed to exhaust his administrative remedies. See Jackson v. Carlson, 707 F.2d 943 (7th Cir.1983), cert. denied, 464 U.S. 861 (1983). Hegwood had not, at the time of his petition, pursued available administrative appeals. Nutall v. Greer, 764 F.2d 462, 463 (7th Cir.1985) (petitioner must have exhausted his remedies by the day the petition filed).
 
 
 7
 Hegwood argues, however, that he exhausted his remedies under Weinstein v. United States Parole Comm'n, 902 F.2d 1451 (9th Cir.1990), a case that we find distinguishable from Hegwood's case. In Weinstein, the petitioner was involved in two cases raising the same issue. Id. at 1453. After he had exhausted his remedies in the first case, he petitioned for review in the district court. Id. The court dismissed because he had not exhausted his second case, but the Ninth Circuit reversed, allowing the first case to proceed. Id. In contrast to Weinstein, Hegwood failed to exhaust the issues in his petition, but asks us to waive the requirements because he exhausted different claims in related cases. Neither this court, nor the Ninth Circuit, applies such a rule.
 
 
 8
 We also reject Hegwood's claim that exhaustion would be futile. Although we recognize that exhaustion of administrative remedies is a non-jurisdictional rule, Jackson, 707 F.2d at 949, we have refused waiver in similar cases. See Greene v. Meese, 875 F.2d 639, 641 (7th Cir.1989). In Greene, the petitioner had lost several administrative claims. Given this, he argued that exhausting the similar claims that appeared in his petition was futile, as these would also be denied. Id. We held that "denial is the likeliest outcome, but that is not sufficient reason for waiving the requirements of exhaustion." Id. We similarly reject Hegwood's futility argument.
 
 
 9
 We, therefore, AFFIRM the district court's dismissal of Hegwood's habeas petition and DISMISS Hegwood's Bivens claims.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs