**Clyde Loki HARRISON, Petitioner— Appellant,**

v.

**U.S. PAROLE COMMISSION, Respondent—Appellee.**

No. 02–35457.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2003.*

Decided June 16, 2003.

Before: WALLACE, TROTT, and TASHIMA, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

## MEMORANDUM **

Clyde Harrison, a federal prisoner, appeals the judgment of the district court dismissing his action after denying his petition for habeas corpus, filed pursuant to 28 U.S.C. § 2241. Harrison challenges a decision of the United States Parole Commission rescinding his parole date and establishing a new presumptive parole date outside the range established by parole rescission guidelines. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), and we affirm.[1]

The Parole Commission's decision to depart from the rescission guidelines based on Harrison's "history of assaultive behavior" was supported by good cause.[2] *See Walker v. United States,* 816 F.2d 1313, 1316 (9th Cir.1987) (per curiam) (stating that, if the Commission issues a decision outside the guidelines, "a court may consider whether the Commission failed to show 'good cause' for doing so, but may only inquire whether that showing was arbitrary, irrational, unreasonable, irrelevant, or capricious") (quoting *Wallace v. Christensen,* 802 F.2d 1539, 1551 (9th Cir. 1986) (en banc)). The Commission did not act arbitrarily, irrationally, unreasonably, irrelevantly, or capriciously in making its decision when it relied on Harrison's original second-degree murder offense and later conviction for conveying a weapon within a correctional institution. Nor did the Commission engage in impermissible double-counting, because it relied not on Harrison's escape to determine the parole date, but on his "history of assaultive behavior" to justify going above the guidelines.

Harrison argues that the Commission's "real" reason to depart from the guidelines was his escape. Given this court's limited review of the Parole Commission's substantive decisions, *Benny v. U.S. Parole Comm'n,* 295 F.3d 977, 981–82 (9th Cir. 2002), we will not question the Commission's possible motives, at least here, where there is no allegation that the Commission is acting in retaliation to the prisoner's exercise of his constitutional rights. *Cf. Weinstein v. U.S. Parole Comm'n,* 902 F.2d 1451, 1456 (9th Cir.1990) (remanding to the district court "to determine if the Parole Commission's decision to go outside the guidelines was based on a vindictive motive and was intended to punish Weinstein for" his successful habeas petition).

The judgment of the district court is

**AFFIRMED.**

WALLACE, Senior Circuit Judge, concurring.

I join the majority decision, but I write separately to clarify the record. Harrison did not raise the issue of assaultive behavior in his habeas petition, but we may

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We reject the government's contentions that Harrison failed to raise the issues in district court and failed to exhaust his administrative remedies. Harrison's habeas petition raised the issues he raises on appeal, especially in light of the principle that pleadings filed by pro se prisoners are to be construed liberally. *Zichko v. Idaho,* 247 F.3d 1015, 1020 (9th Cir.2001). Moreover, the district court addressed both issues raised on appeal, and

"both parties have briefed the issue and it is unlikely that the Government will be prejudiced by our consideration of" issues whose merits were addressed by the district court. *United States v. Allen,* 157 F.3d 661, 667 (9th Cir.1998). Harrison also raised the issues presented here in his appeal to the National Appeals Board.

2. Because the parties are familiar with the facts, we do not recite them here, except as necessary to aid in understanding this disposition.

nonetheless review it under *United States v. Allen*, 157 F.3d 661, 667 (9th Cir.1998). Harrison did not raise the double-counting issue to the National Appeals Board. The Commission had an opportunity to object in the district court on exhaustion grounds, but failed to. The exhaustion argument is thus waived.